**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROGER J. GOSSELIN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> FIRST TRUST ADVISORS L.P., FIRST TRUST PORTFOLIOS L.P., FIRST TRUST STRATEGIC HIGH INCOME FUND, FIRST TRUST STRATEGIC HIGH INCOME FUND II, FIRST TRUST STRATEGIC HIGH INCOME FUND III, JAMES A. BOWEN, and MARK R. BRADLEY, <br><br> Defendants. | **Case Number: 08-cv-05213** <br><br> Honorable Samuel Der-Yeghiayan |

## STIPULATION AND AGREEMENT OF SETTLEMENT

Subject to the approval of the Court, this Stipulation and Agreement of Settlement (the "Stipulation") is entered into among Anthony Duda, the Robert Valenti Revocable Trust, and Aaron Wolkstein (each a "Plaintiff," and collectively, "Lead Plaintiff"), and additional Plaintiff Compass Recruiting Company (together with Lead Plaintiff, "Plaintiffs" or "Class Representatives"), on behalf of themselves and the Class (as hereinafter defined) and Defendants First Trust Advisors L.P. ("First Trust Advisors"), First Trust Portfolios L.P. ("First Trust Portfolios"), First Trust Strategic High Income Fund (the "FHI Fund"), First Trust Strategic High Income Fund II (the "FHY Fund"), and First Trust Strategic High Income Fund III (the "FHO Fund") (the FHI Fund, the FHY Fund, and the FHO Fund are collectively referred to hereinafter as the "Funds"), and James A. Bowen and Mark R. Bradley, by and through their respective counsel.

**WHEREAS**:

A.    *Gosselin v. First Trust Advisors L.P.*, *et al.*, No. 08-cv-05213, was filed in the United States District Court for the Northern District of Illinois on September 12, 2008, and *Evans v. First Trust Advisors L.P., et al.*, No. 08-cv-05378, was filed in the same court on September 19, 2008 (*Gosselin* and *Evans* are referred to collectively as the "Actions" or the "Litigation");

B.    By Order of the Court dated November 18, 2008, the Actions were consolidated, and the Litigation is pending;

C.    Certain claims have been brought against Defendants in the Litigation for alleged violations of the federal securities laws;

D.    The Litigation was brought on behalf of a proposed class consisting of certain purchasers of shares of the FHI Fund between July 26, 2005 and July 7, 2008, inclusive, the FHY Fund between March 28, 2006 and July 7, 2008, inclusive, and the FHO Fund between March 28, 2007 and July 7, 2008, inclusive;

E.    By Order signed on January 15, 2009, Lead Plaintiff was appointed lead plaintiff for the proposed class, and Brower Piven, A Professional Corporation ("Brower Piven") and Krislov & Associates, Ltd. were appointed Plaintiffs' Lead Counsel and Plaintiffs' Liaison Counsel in the Litigation, respectively, pursuant to the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA");

F.    Pursuant to an Order signed on April 21, 2009, Lead Plaintiff and additional Plaintiff Compass Recruiting Company filed a consolidated complaint (the "Complaint") on April 30, 2009;

G.     On July 29, 2009, Defendants moved to dismiss the Complaint pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure and 15 U.S.C. § 78u-4;

H.     On December 17, 2009, the Court denied Defendants' motion to dismiss;

I.     The Complaint alleges, among other things, that Defendants made false and misleading statements during the Class Periods (as defined below) regarding the Funds' investments in mortgage-related securities in violation of Sections 11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Act"), and Sections 10(b) and 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rules 10b-5 and 14a-9 promulgated thereunder;

J.     Specifically, the Complaint alleges that Defendants made false and misleading statements and misrepresentations during the Class Periods regarding Defendants' valuations of the Funds' holdings of mortgage-related securities, the risks associated with the Funds' investments in such securities, and the Funds' management fee structures, which resulted in the artificial inflation of the prices of the Funds' shares during the Class Periods and that when the truth was revealed at the end of the Class Periods, the prices of the Funds' shares declined and caused injury to Plaintiffs and the Class (as defined below);

K.     Plaintiffs' Lead Counsel have conducted an investigation relating to the claims and the underlying events and transactions alleged in the Complaint and have researched the applicable law with respect to the claims of Plaintiffs and the Class against Defendants and the potential defenses thereto;

L.     Plaintiffs, through Plaintiffs' Lead Counsel, conducted extensive discussions and arm's length negotiations with counsel for Defendants with respect to the claims and defenses in the Actions and potential compromises and settlements of the Litigation;

M.     Based upon their investigation, Plaintiffs' Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the Class (as defined below), and in their best interests, and have agreed to settle the claims raised in the Litigation pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that Plaintiffs and the members of the Class will receive from settlement of the Litigation, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement (as defined below) to be consummated as provided by the terms of this Stipulation;

N.     Defendants have denied, and continue to deny, that they have committed any violation of the federal securities laws or other laws, and have denied and continue to deny all allegations of wrongdoing or liability whatsoever with respect to the Settled Claims (as defined below), including any and all facts or claims alleged in the Litigation;

O.     Among other things, Defendants have denied, and continue to deny, that the Funds' registration statements, prospectuses, Statements of Additional Information, annual, semi-annual, and quarterly reports, and proxy materials, and other statements by Defendants contained any false or misleading statements;

P.     Defendants are agreeing to this Settlement solely because it will eliminate the burden and expense of further litigation; and

**NOW THEREFORE**, without any admission or concession on the part of Plaintiffs of any lack of merit of the Litigation whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in their defenses whatsoever by Defendants, it is hereby **STIPULATED AND AGREED**, by and among the Parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in consideration of the benefits flowing to the Parties hereto from the

- 4 -

Settlement, that all Settled Claims (as defined below) as against the Released Parties (as defined below) and all Settled Defendants' Claims (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the following meanings:

(a)      "Authorized Claimant" is Class Member who meets the qualifications set forth in ¶ 17 below.

(b)      "Cash Settlement Amount" means the amount specified in ¶ 5 hereof.

(c)      "Claims Administrator" means the firm retained, subject to Court approval, by Plaintiffs' Lead Counsel to assist in providing notice to Class Members and administering the Settlement.

(d)      "Class" means all persons or entities who purchased shares of the FHI Fund between July 26, 2005 and July 7, 2008, inclusive, the FHY Fund between March 28, 2006 and July 7, 2008, inclusive, and the FHO Fund between March 28, 2007 and July 7, 2008, inclusive, and who were damaged thereby, but excluding Defendants currently named in the Litigation; the past or current officers, directors, and trustees of Defendants in the Litigation at any time during the periods of wrongdoing alleged in the Litigation, including during the Class Periods; members of the immediate families of any of the foregoing; the legal representatives, heirs, successors, or assigns of any of the foregoing; any entity in which any of the foregoing have or have had a controlling interest; the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest, assigns, or agents, of any of the foregoing; entities that had the right to appoint a director to any of the Defendants' boards of directors and

- 5 -

proceeded to make such an appointment (or, for reasons unique to them, chose not to exercise such right); the Funds' subadvisors J.J.B. Hilliard, W.L. Lyons LLC and Valhalla Capital Partners LLC, and their respective subsidiaries, parents affiliates, successors, predecessors, owners, partners, officers, directors, trustees, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, and insurers; and any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

(e)    "Class Member" means a member of the Class.

(f)    "Class Periods" means (1) with respect to the FHI Fund, the period of time from July 26, 2005 through July 7, 2008, inclusive, (2) with respect to the FHY Fund, the period of time from March 28, 2006 through July 7, 2008, inclusive, and (3) with respect to the FHO Fund, the period of time from March 28, 2007 and July 7, 2008, inclusive.

(g)    "Class Representatives" means Anthony Duda, the Robert Valenti Revocable Trust, Aaron Wolkstein, and Compass Recruiting Company.

(h)    "Class Shares" means shares of the FHI Fund purchased between July 26, 2005 and July 7, 2008, inclusive, shares of the FHY Fund purchased between March 28, 2006 and July 7, 2008, inclusive, and shares of the FHO Fund purchased between March 28, 2007 and July 7, 2008, inclusive.

(i)    "Defendants" means First Trust Advisors, First Trust Portfolios, FHI Fund, FHY Fund, FHO Fund, James A. Bowen, and Mark R. Bradley.

(j)    "Defendants' Counsel" means the law firms of Milbank, Tweed, Hadley & McCloy LLP and Bryan Cave LLP.

(k)     "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶ 29 below.

(l)     "Final," with respect to the Order and Final Judgment, means:  (1) if no appeal is filed, the expiration date of the time for filing or noticing of any appeal from the Court's Order and Final Judgment approving the Settlement substantially in the form of Exhibit B hereto, *i.e.*, thirty (30) days after entry of the Order and Final Judgment; or (2) if there is an appeal, the date of final dismissal of (or affirmance of) any appeal from the Order and Final Judgment, the date of final dismissal or denial of any proceeding on certiorari to review the Order and Final Judgment, or the expiration of the time to file a petition for a writ of certiorari; or (3) if certiorari is granted, the date of final affirmance of the Order and Final Judgment following review pursuant to that grant; or (4) in the event that the Court enters an order and final judgment in a form other than substantially as set forth in Exhibit B hereto (an "Alternative Judgment") and the Parties do not terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.  Any proceeding or order, or any appeal or petition for a writ of certiorari, pertaining solely to any plan of allocation and/or application for attorneys' fees, costs or expenses, shall not in any way delay or preclude the Order and Final Judgment from becoming Final.

(m)     "Gross Settlement Fund" means the Cash Settlement Amount plus any income or interest earned thereon.

(n)     "Lead Plaintiff" means Anthony Duda, the Robert Valenti Revocable Trust, and Aaron Wolkstein.

(o)     "Net Settlement Fund" has the meaning defined in ¶ 7(a) hereof.

(p)     "Notice" means the Notice of Class Action Settlement, which is to be sent to members of the Class substantially in the form attached hereto as Exhibit 1 to Exhibit A.

(q)     "Notice and Administration Costs" means reasonable costs and expenses associated with identifying members of the Class and effecting transmittal of the Notice to members of the Class and publication of the Publication Notice, and the administration of the Settlement, including without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding notice to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.

(r)     "Order and Final Judgment" means the proposed order to be entered approving the Settlement substantially in the form attached hereto as Exhibit B.

(s)     "Parties" means Plaintiffs and Defendants.

(t)     "Plaintiffs" means Anthony Duda, the Robert Valenti Revocable Trust, Aaron Wolkstein, and Compass Recruiting Company.

(u)     "Plaintiffs' Counsel" means Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel, and all other counsel representing Plaintiffs and/or the Class in the Litigation.

(v)     "Plaintiffs' Lead Counsel" means the law firm of Brower Piven.

(w)     "Plaintiffs' Liaison Counsel" means the law firm of Krislov & Associates, Ltd.

(x)     "Preliminary Order" means the Findings And Order Preliminarily Certifying a Class for Settlement Purposes, Preliminarily Approving Proposed Settlement, Approving Form and Dissemination of Class Notice, and Setting Date for Hearing on Final Approval substantially in the form attached hereto as Exhibit A.

- 8 -

(y)    "Proof of Claim" means the Proof of Claim and Release substantially in the form attached hereto as Exhibit 2 to Exhibit A.

(z)    "Publication Notice" means the Summary Notice of Pendency of Class Action, Proposed Settlement and Settlement Hearing substantially in the form attached hereto as Exhibit 3 to Exhibit A.

(aa)    "Released Parties" means (1) Defendants; (2) all of Defendants' past or present subsidiaries, parents, affiliates, general or limited partners, successors, and predecessors; (3) their respective officers, directors, trustees, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, and insurers; (4) any person, firm, trust, partnership, corporation, officer, director, trustee, or other individual or entity in which any of Defendants have a controlling interest or which is related to or affiliated with any of Defendants; (5) their legal representatives, heirs, successors in interest, or assigns; and (6) the Funds' subadvisors J.J.B. Hilliard, W.L. Lyons, LLC and Valhalla Capital Partners LLC, and their respective subsidiaries, parents, affiliates, successors, predecessors, owners, partners, officers, directors, trustees, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, and insurers.

(bb)    "Settled Claims" means any and all claims, debts, demands, liabilities, losses, rights, or causes of action of any nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been

asserted in this Litigation by the Class Members or any of them, or any of their attorneys, against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of, are based upon, or are directly or indirectly related to, the acts, allegations, transactions, events, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint (or in any of the previous complaints in the Litigation) and relate to the purchase, sale, or other acquisition or disposition or holding of shares of the Funds during the Class Periods, except for claims to enforce the Settlement.

(cc)    "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Litigation or any forum by Defendants or any of the legal representatives, heirs, executors, successors and assigns of any of the Defendants against Plaintiffs, Plaintiffs' Counsel, or any other Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation, except for claims to enforce the Settlement.

(dd)    "Settlement" means the settlement contemplated by this Stipulation.

(ee)    "Unknown Claims" means any and all Settled Claims which any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date, and any and all Settled Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor as of the Effective Date, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that upon the

- 10 -

Effective Date, Plaintiffs and Defendants shall be deemed to have expressly waived, and each Class Member shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or any other country whose law might apply to Plaintiffs, any Class Member or Defendants, or principle of common law (whether United States common law or the law of any other relevant common law jurisdiction), which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and Defendants acknowledge, and all other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

**SCOPE AND EFFECT OF SETTLEMENT**

2.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Litigation and any and all Settled Claims as against all Released Parties and any and all Settled Defendants' Claims.

3.      (a)      Upon the Effective Date of this Settlement, Plaintiffs and all other Class Members on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns shall, with respect to each and every Settled Claim, be deemed to have released and forever discharged, and shall forever be enjoined from prosecuting, any Settled Claims against any of the Released Parties.

(b)    Upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, and the other Released Parties, shall be deemed to have released and forever discharged each and all of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims against Plaintiffs, Plaintiffs' Counsel, and all other Class Members and their counsel.

(c)    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Litigation and of any and all Settled Claims as against all Released Parties and any and all Settled Defendants' Claims.

(d)    Upon the Effective Date, Plaintiffs and each member of the Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged, and shall forever be enjoined from prosecution of each and all of the Settled Claims (including Unknown Claims) against each and all of the Released Parties, whether or not any of the Plaintiffs and/or any Class Member executes and delivers a Proof of Claim and Release. By entering into this Stipulation, Plaintiffs represent and warrant that they have not assigned, hypothecated, transferred or otherwise granted any interest in the Settled Claims, or any of them, to any person.

**THE SETTLEMENT CONSIDERATION**

4.    In full and final settlement of the Released Claims, Defendants shall cause to be paid the amounts set forth in ¶¶ 5 and 6 below.

5.    Within twenty (20) business days after both (i) the entry of a Preliminary Order substantially in the form annexed hereto as Exhibit A and (ii) Defendants' receipt of payee information, including complete wire instructions and a signed IRS Form W-9 with the taxpayer

identification number of the payee, Defendants shall cause to be paid $5,000,000 (U.S.) in cash (the "Cash Settlement Amount") into an interest-bearing escrow account (to be established by Plaintiffs' Lead Counsel) for the benefit of Plaintiffs and the Class, in accordance with directions supplied by Plaintiffs' Lead Counsel. Upon deposit of the Cash Settlement Amount into an interest-bearing escrow account, the Cash Settlement Amount and any income or interest earned thereon shall be the "Gross Settlement Fund."

6.      Within twenty (20) business days after both (i) the entry of a Preliminary Order substantially in the form annexed hereto as Exhibit A and (ii) Defendants' receipt of payee information, including complete wire instructions and a signed IRS Form W-9 with the taxpayer identification number of the payee, Defendants shall cause to be paid $150,000 in cash (the "Administration Settlement Amount") into an interest-bearing escrow account (to be established by Plaintiffs' Lead Counsel) for the benefit of Plaintiffs and the Class, in accordance with directions supplied by Plaintiffs' Lead Counsel. The Administration Settlement Amount shall be used for the sole purpose of reimbursing Plaintiffs' Lead Counsel for Notice and Administration Costs and the remaining administration expenses referred to in ¶ 11 hereof.

(a)      Upon deposit of the Administration Settlement Amount into escrow, the Administration Settlement Amount and any income or interest earned thereon shall be the "Administration Settlement Fund."

(b)      Defendants shall have the right to audit payments made from the Administration Settlement Fund. Any amounts remaining in the Administration Settlement Fund as of ninety (90) days after entry of the Preliminary Order shall be returned to the entity that paid the Administration Settlement Amount.

7.    (a)    The Gross Settlement Fund, net of any Taxes (as defined below) on the income thereof, shall be used to pay (i) any Notice and Administration Costs for which Plaintiffs and the Class are not reimbursed from the Administration Settlement Fund, (ii) the attorneys' fee and expense award referred to in ¶ 10 hereof, and (iii) any of the remaining administration expenses referred to in ¶ 11 hereof for which Plaintiffs and the Class are not reimbursed from the Administration Settlement Fund.  The balance of the Gross Settlement Fund after the above payments shall be the "Net Settlement Fund."  The Net Settlement Fund shall be distributed to the Authorized Claimants as provided in ¶¶ 11-14 hereof.  Any sums required to be held in escrow hereunder prior to the Effective Date shall be held by Plaintiffs' Lead Counsel as Escrow Agent for the Gross Settlement Fund.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to the persons paying the same pursuant to this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds held in escrow in short-term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), or in a fully US Government-insured account, and shall collect and reinvest any and all interest accrued thereon.  The Parties hereto agree that the Gross Settlement Fund is intended to be a single Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Escrow Agent, as administrator of the Gross Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be responsible for filing tax returns for the Gross Settlement Fund and paying from the Gross Settlement Fund any Taxes owed with respect to the Gross Settlement Fund.  The Parties hereto agree that the Gross Settlement Fund shall be treated as a Qualified Settlement Fund from the earliest date possible.  If required to give effect to the intention expressed in the preceding sentence, the Escrow Agent

will make the "relation-back election" permitted by Treasury Regulation § 1.468B-1(j)(2) to treat the Gross Settlement Fund as a Qualified Settlement Fund from the earliest date possible. Upon request of the Escrow Agent, Defendants will cooperate with the Escrow Agent as is reasonably required to effect such election. Upon request of the Escrow Agent, Defendants agree to provide promptly to the Escrow Agent the statements described in Treasury Regulation § 1.468B-3(e) with respect to the Cash Settlement Amount paid by or on behalf of their clients.

        (b)     All (i) taxes on the income of the Gross Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Gross Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the settlement, and shall be timely paid by the Escrow Agent without prior Order of the Court. It is intended that none of Plaintiffs, Plaintiffs' Counsel, Defendants, or Defendants' Counsel shall have any liability or responsibility for the taxes or tax expenses based on the income earned on the Gross Settlement Fund. In the event that Plaintiffs, Plaintiffs' Counsel, Defendants and/or Defendants' Counsel, or any of them, shall be required to include the income earned on the Gross Settlement Fund in their reportable income, the Gross Settlement Fund shall reimburse them for any incremental taxes they are required to pay on such income.

**ADMINISTRATION**

        8.     The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court. Except for Defendants' obligation to cause to be paid the Cash Settlement Amount and the Administration Settlement Amount as provided in, respectively, ¶¶ 5 and 6 above, Defendants and Defendants' Counsel shall have no responsibility for the administration of the Settlement and shall have no liability to the Class in connection with such

administration. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including providing, without charge to Plaintiffs or the Class Members, information from Defendants' transfer records necessary to enable identification of Class Members and their purchases and sales of shares of the Funds.

9.      In the event the Administration Settlement Fund does not reimburse Plaintiffs and the Class for the Notice and Administration Costs in full, Plaintiffs' Lead Counsel may pay the remaining Notice and Administration Costs from the Cash Settlement Amount, without further approval from Defendants, so long as Plaintiffs' Lead Counsel seeks and receives approval by the Court.

**ATTORNEYS' FEES AND EXPENSES**

10.      Plaintiffs' Lead Counsel may submit an application or applications to the Court (the "Fee Expense Application") for distributions to them from the Gross Settlement Fund of an award to Plaintiffs' Counsel of (i) attorneys' fees, (ii) reimbursement of litigation-related expenses, including the fees of their experts or consultants incurred with prosecuting the Action, and (iii) payment of any fees and expenses incurred solely in connection with Notice and Administration of the Settlement, plus any interest on the aforementioned fees and expenses at the same rate and for the same periods as earned by the Gross Settlement Fee from the date of any such award to the date of payment. Plaintiffs' Lead Counsel reserves the right to make additional applications for fees and expenses incurred. Defendants agree that they will not oppose any application for the award of attorneys' fees, the reimbursement of expenses and/or application by any Class Representative for reimbursement of its time and expenses incurred in representing the Class in accordance with the foregoing provisions of this paragraph. Such amounts as are awarded by the Court shall be payable from the Gross Settlement Fund to

Plaintiffs' Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Lead Counsel's obligation to make appropriate refunds or repayments to the Gross Settlement Fund plus accrued interest at the same net rate as is earned by the Gross Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Settlement is terminated or the fee or cost award is reduced or reversed. Plaintiffs' Lead Counsel shall allocate the attorneys' fees amongst Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Litigation. As a condition of receiving such fees and expenses, Plaintiffs' Lead Counsel (and each of its partners and/or shareholders) and each Plaintiffs' Counsel (and each of its partners and/or shareholders) shall be subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Defendants have no liability or obligation to Plaintiffs, the other members of the Class, or Plaintiffs' Counsel with respect to any attorneys' fees, costs, or expenses, except to the extent Defendants are obligated to cause to be paid the Cash Settlement Amount and Administration Settlement Amount as provided in, respectively, ¶¶ 5 and 6 above.

**DISTRIBUTION TO AUTHORIZED CLAIMANTS**

11. Plaintiffs' Counsel will apply to the Court, on notice to Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

12.     The Claims Administrator shall process the Proofs of Claim and, after entry of the Class Distribution Order, distribute the Net Settlement Fund to the Authorized Claimants.  An Authorized Claimant is a Class Member who meets the conditions set forth in ¶ 17 below.

13.     The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular Plan of Allocation be approved.

14.     Defendants and Defendants' Counsel shall have no responsibility for or liability whatsoever with respect to any of the following:  (i) any act, omission or determination of the Escrow Agent, the Claims Administrator, Plaintiffs' Lead Counsel, or designees or agents thereof; (ii) the establishment or administration of the interest-bearing escrow accounts contemplated by ¶¶ 5 and 6 above; (iii) the management, investment, or distribution of the Settlement Fund; (iv) the Plan of Allocation; (v) the determination, administration, calculation, or payment of any claims, the payment or withholding of taxes or tax expenses, or any losses incurred in connection therewith; or (vi) the attorneys' fees and reimbursement of expenses referred to in ¶ 10 above.

## ADMINISTRATION OF THE SETTLEMENT

15.     Any member of the Class who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

16.     The Claims Administrator shall process the Proofs of Claim and, after entry of the Class Distribution Order, distribute the Net Settlement Fund to the Authorized Claimants.

Except for their obligation to cause to be paid the Cash Settlement Amount and Administration Settlement Amount as provided herein, Defendants shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Administration Settlement Fund.

17. For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a) Each Class Member shall be required to submit a Proof of Claim (see attached Exhibit 2 to Exhibit A), supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion may deem acceptable. Plaintiffs' Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Plaintiffs' Lead Counsel deems to be formal or technical defects in any Proofs of Claim or documentation submitted therewith or to permit the submission of late claims where doing so would, in the opinion of Plaintiffs' Lead Counsel, promote the interests of achieving substantial justice. Defendants and Defendants' Counsel shall have no involvement in reviewing claims and may not challenge claims that are acceptable to the Claims Administrator or Plaintiffs' Lead Counsel.

(b) All Proofs of Claim must be submitted no later than the date specified in the Notice, unless such period is extended by Order of the Court. Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be

entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the approved Plan of Allocation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to attempt to remedy the curable deficiencies in the Proof of Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, each claimant whose Proof of Claim it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any

supporting documentation, and requesting a review thereof by Plaintiffs' Lead Counsel. If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Lead Counsel shall thereafter present the request for review to the Court on notice to the claimant; and

(f)     The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

18.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of the claimant's claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proofs of Claim. No discovery of any Defendants shall be allowed in connection with any Proof of Claim.

19.     The Notice shall provide that the deadline for potential Class Members to exercise their rights to exclude themselves from the Class and Settlement shall be no later than thirty (30) days before the date of the Settlement Fairness Hearing. Within two (2) business days of receiving any request(s) for exclusion, the Claims Administrator shall promptly notify Plaintiffs' Lead Counsel and Defendants' Counsel of such request(s) for exclusion and shall at that time deliver to Plaintiffs' Lead Counsel and Defendants' Counsel copies of request(s) for exclusion, with all supporting documentation submitted therewith.

20.     Payment pursuant to this Settlement shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be

bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

21. All proceedings with respect to the administration, processing and determination of claims described by ¶ 17 hereof and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

22. The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all timely Proofs of Claim have been processed, and all claimants whose Proofs of Claim have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired, or a reserve has been made to cover the potential payment to such claimants; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired, or a reserve has been made to cover the potential payment with respect to such attorneys' fees, costs, and disbursements; and (iv) all costs of administration have been paid or provided for.

## TERMS OF PRELIMINARY APPROVAL ORDER

23. Promptly after this Stipulation has been fully executed, Plaintiffs' Lead Counsel shall apply to the Court for entry of a Preliminary Order, substantially in the form annexed hereto as Exhibit A. Within five (5) business days after entry of the Preliminary Order, Defendants shall provide to the Claims Administrator, without any charge to Plaintiffs or the

Class Members, records in their possession or reasonably available to them regarding the transfer or purchase of shares in the Funds during the Class Period to enable Plaintiffs' Lead Counsel to identify and provide Notice to Class Members in accordance with the Preliminary Order. Plaintiffs' Lead Counsel and the Claims Administrator agree that these records will be kept strictly confidential and will be used solely for the purpose of providing notice to Class Members and, after the Effective Date, making distributions to Authorized Claimants who filed valid and complete proofs of claims, and for no other purpose whatsoever.

24.    The Plaintiffs have asserted that the Litigation should be certified as a class action pursuant to the Federal Rules of Civil Procedure. For settlement purposes only and for no other purpose than as set forth in and to effectuate this Stipulation, Defendants will not object to such certification on the terms set forth in this Stipulation. The Parties further agree that if the Court does not enter the Preliminary Order substantially in the form annexed hereto as Exhibit A then no class will be deemed to have been certified by or as a result of this Stipulation, and the Litigation will for all purposes with respect to the Parties revert to its status as of the day immediately before the Stipulation is fully executed. In such event, (i) Defendants will not be deemed to have consented to the certification of any class, (ii) the Stipulation concerning class definition or class certification shall not be used as evidence or argument to support class certification or class definition, and (iii) Defendants will retain all rights to oppose class certification.

## TERMS OF ORDER AND FINAL JUDGMENT

25.    Plaintiffs' Counsel shall request that after notice is given to Class Members, the Court hold a hearing (the "Settlement Hearing") to approve the Settlement of the Litigation as set forth herein. The Parties acknowledge that at or after the Settlement Hearing, Plaintiffs' Counsel

- 23 -

also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

26.     If the Settlement contemplated by this Stipulation is approved by the Court, Plaintiffs' Counsel shall request that the Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.

## DISCOVERY

27.     Plaintiffs' Lead Counsel has conducted discovery to, *inter alia*, confirm that the terms of the Settlement are fair, reasonable, and adequate.  Among other things, Plaintiffs' Lead Counsel requested and analyzed documents and other information bearing upon the allegations that were the basis for the Complaint, and took the deposition of First Trust personnel knowledgeable about the relevant issues.

28.     Plaintiffs and Plaintiffs' Counsel further agree that such materials shall be used for the sole purpose of assessing the fairness, reasonableness, and adequacy of the Settlement. Plaintiffs and Plaintiffs' Counsel are prohibited from using any facts or information learned in Discovery in any subsequent litigation unless such facts are obtained independently during discovery during the course of such subsequent litigation.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

29.     The "Effective Date" of the Settlement shall be the date when all the following shall have occurred:

(a)     the Court has approved the Settlement following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure (the "Settlement Fairness Hearing");

- 24 -

      (b)      the time for Parties to exercise their options under ¶¶ 30 and 31 hereof has expired;

      (c)      the Court has entered the Order and Final Judgment; and

      (d)      the Order and Final Judgment has become Final.

30.     Termination rights:

      (a)      Defendants and Plaintiffs shall each have the right to terminate the Settlement by providing written notice of their election to do so (a "Termination Notice") to all Parties hereto within thirty (30) days of: (i) the Court's declining to enter the Preliminary Order in any respect deemed material to Plaintiffs or Defendants; (ii) the Court's refusal to approve this Stipulation or any part of it deemed material to Plaintiffs or Defendants; (iii) the Court's declining to enter the Order and Final Judgment in any respect deemed material to Plaintiffs or Defendants; (iv) the date upon which the Order and Final Judgment is modified or reversed by a Court of Appeals or the Supreme Court in any respect deemed material to Plaintiffs or Defendants; (v) in the event that the Court enters an Alternative Judgment, the date upon which an Alternative Judgment is entered; or (vi) in the event that the Court enters an Alternative Judgment, the date upon which an Alternative Judgment is modified or reversed by the Court of Appeals or the Supreme Court in any respect deemed material to Plaintiffs or Defendants.

      (b)      A failure by any Party to issue a Termination Notice within the thirty (30) day period referred to in subparagraph (a) of this paragraph shall be deemed to be a re-affirmation of the Settlement.

31.     Simultaneously herewith, Defendants, Plaintiffs (individually and on behalf of the Class) have entered into a "Supplemental Agreement Regarding Requests for Exclusion" setting forth, among other things, certain conditions under which this Stipulation may be withdrawn or

terminated by Defendants. The Supplemental Agreement Regarding Requests for Exclusion shall not be filed with the Court unless the Court requests its submission (in which case the Parties shall seek to submit the Supplemental Agreement Regarding Requests for Exclusion *in camera*) or a dispute arises as to its terms or Defendants exercise their rights thereunder. In the event of a withdrawal from this Stipulation by Defendants pursuant to the Supplemental Agreement Regarding Requests for Exclusion, this Stipulation shall be null and void and of no further force and effect and the provisions of ¶ 32-33 hereof shall apply. Notwithstanding the foregoing, the Stipulation shall not be terminated until the conditions set forth in the Supplemental Agreement Regarding Requests for Exclusion have been satisfied.

32. Except as otherwise provided herein, in the event the Settlement is terminated, then the Parties shall be deemed to have reverted to their respective status in the Litigation as of the day immediately before the Stipulation is fully executed and, except as otherwise expressly provided, the terminating Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Cash Settlement Amount previously paid by or on behalf of any terminating Defendants, together with any interest earned thereon, less any Taxes due with respect to such income, shall be returned to the entity that paid the same.

33. In the event the Settlement is terminated, any portion of the Administration Settlement Amount previously paid by or on behalf of any terminating Defendants, together with any interest earned thereon, less any Taxes due with respect to such income, shall be returned to the entity that paid the same, except (a) neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed for Notice and Settlement Administration pursuant to the terms of this Stipulation, and (b) any expenses already incurred and properly chargeable for Notice and Settlement Administration pursuant to ¶ 6 hereof at the

time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance of the Administration Settlement Amount being refunded in accordance with the terms of this Stipulation.

34.    No Court order or modification or reversal on appeal of any Court order concerning only the Plan of Allocation and/or attorneys' fees or reimbursement of expenses shall constitute grounds for cancellation or termination of the Settlement or this Stipulation.

## NO ADMISSION OF WRONGDOING

35.    This Stipulation, whether or not consummated, and any of its terms and provisions, any agreement or order relating thereto, all of the negotiations or proceedings connected with it, documents or statements referred to therein, and any payment or consideration provided for herein, are not and shall not:

(a)    be offered or received against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Defendants;

(b)    be offered or received against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendants;

(c)    be offered or received against any of the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or

wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection (including releases) granted them hereunder;

(d)     be construed against Plaintiffs or any other Class Members or against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the other Class Members that any of their claims are without merit, or that any defenses asserted by any of the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

36.     Notwithstanding the provisions of ¶ 35 above, any Defendant may file this Stipulation and/or the Order and Final Judgment in any action that may be brought against him or it in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**MISCELLANEOUS PROVISIONS**

37.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

38.     Defendants warrant as to themselves that, as to the payments made by or on behalf of them pursuant to ¶¶ 5 and 6 above, they were not insolvent at the time of such payments, nor will the payments required to be made by or on behalf of them render them

- 28 -

insolvent within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This warranty is made by Defendants and not by Defendants' Counsel.

39. If a case under Title 11 of the United States Code (Bankruptcy) is commenced in respect of any Defendant or Defendants' Insurer, or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Gross Settlement Fund or any portion thereof by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Gross Settlement Fund by others, then, at the election of Plaintiffs' Lead Counsel, the Parties shall jointly move the Court to vacate and set aside the releases given and Order and Final Judgment entered in favor of Defendants, if the Cash Settlement Amount was not fully paid or was required to be returned, pursuant to this Stipulation, which releases and Order and Final Judgment shall be null and void, and the Parties shall be restored to their respective positions in the Litigation on the day immediately before the Stipulation is fully executed and  any cash amounts in the Gross Settlement Fund shall be returned as provided in ¶¶ 32-33 above.

40. The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Class Members against the Released Parties with respect to the Settled Claims. Accordingly, Plaintiffs and Defendants agree not to assert in any forum that the Litigation was brought by Plaintiffs or defended by Defendants in bad faith. The Parties to this Stipulation shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or

settlement of the Litigation. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

41. This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all Parties hereto or their successors-in-interest.

42. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

43. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Plaintiffs' Lead Counsel and enforcing the terms of this Stipulation.

44. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

45. This Stipulation and its exhibits constitute the entire agreement among the Parties hereto concerning the Settlement of the Litigation, and no representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

46. Except as expressly set forth herein, in entering into this Stipulation no Party has relied on any representations or arguments by any other Party regarding any substantive or procedural issue in the Litigation, and no Party would be prejudiced if (i) the Settlement were not approved or such approval were reversed on appeal and (ii) a Party were later to take a position regarding any substantive or procedural issue in the Litigation. In the event that the Settlement is terminated or does not become Final, no Party shall assert that another Party is estopped

(whether equitably, judicially, or collaterally) from taking any position regarding any substantive or procedural issue in the Litigation by virtue of anything in the Stipulation, having entered into the Stipulation, or having done anything in connection with or related to the Settlement. For the purposes of this paragraph only, the definitions of "Party" and "Parties" shall include Class Members.

47. Nothing in this Stipulation shall be deemed to be a waiver of any applicable privilege against disclosure, including but not limited to the attorney-client privilege and the attorney work product doctrine, and no Party shall argue that any privilege was waived in connection with the negotiation of the Settlement or this Stipulation.

48. This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts.

49. This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

50. The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law governs. The Parties specifically note that the Class Members may include residents of countries other than the United States and intend this choice-of-law provision to apply fully to any and all such Class Members.

51. No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by Plaintiffs' Lead Counsel or

Defendants' Counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

52.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation. In the event that the Court or any other court is called upon to interpret this Stipulation, no one Party or group of Parties shall be deemed to have drafted this Stipulation.

53.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

54.     Plaintiffs' Lead Counsel and Defendants' Counsel agree to cooperate reasonably with one another in connection with seeking Court approval of the Preliminary Order, the Stipulation and the Settlement, and (to the extent that they have not elected to terminate the Settlement) to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

DATED:  March 21, 2011

**BROWER PIVEN**
  A Professional Corporation

By:  _____
       David A.P. Brower
       Caitlin M. Moyna
488 Madison Avenue
Eighth Floor
New York, New York  10022
Telephone: (212) 501-9000
Facsimile:  (212) 501-0300

**BROWER PIVEN**
  A Professional Corporation
       Charles J. Piven
       Yelena Trepetin
1925 Old Valley Road
Stevenson, Maryland 21153
Telephone: (410) 332-0030
Facsimile:  (410) 685-1300

**Lead Counsel for Plaintiffs**

**KRISLOV & ASSOCIATES, LTD.**
       Clinton A. Krislov
       Jeffrey M. Salas
20 North Wacker Drive
Suite 1350
Chicago, Illinois 60606
Telephone:  (312) 606-0500
Facsimile:  (312) 606-0207

**Liaison Counsel for Plaintiffs**

DATED: March 21, 2011

**BRYAN CAVE LLP**

By: _Steven R. Smith_
     Steven R. Smith
     Derek S. Holland
161 North Clark Street, Suite 4300
Chicago, IL 60601-3206
Telephone: (312) 602-5000
Facsimile: (312) 602-5050

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By: _Sean M. Murphy_
     James N. Benedict
     Sean M. Murphy (*pro hac vice*)
     Andrew W. Robertson
1 Chase Manhattan Plaza
New York, New York 10005-1413
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

**Counsel for Defendants**

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ROGER J. GOSSELIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST TRUST ADVISORS L.P., FIRST TRUST PORTFOLIOS L.P., FIRST TRUST STRATEGIC HIGH INCOME FUND, FIRST TRUST STRATEGIC HIGH INCOME FUND II, FIRST TRUST STRATEGIC HIGH INCOME FUND III, JAMES A. BOWEN, and MARK R. BRADLEY,<br><br>Defendants. | **Case Number: 08-cv-05213**<br><br>Honorable Samuel Der-Yeghiayan |

## FINDINGS AND ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL

**WHEREAS**, on March 21, 2011, the parties to the above-entitled action entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint on the merits and with prejudice (the "Settlement"); and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this _____ day of _____, 2011 that:

1.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of settlement only, this Litigation is hereby certified as a class action on behalf of all persons or entities who purchased shares of First Trust Strategic High Income Fund between July 26, 2005 and July 7, 2008, inclusive, First Trust Strategic High Income Fund II between March 28, 2006 and July 7, 2008, inclusive, or the First Trust Strategic High Income Fund III between March 28, 2007 and July 7, 2008, inclusive, and who were damaged thereby, but excluding Defendants currently named in the Litigation; the past or current officers, directors, and trustees of the Defendants in the Litigation at any time during the periods of wrongdoing alleged in the Litigation, including during the Class Periods; members of the immediate families of any of the foregoing; the legal representatives, heirs, successors, or assigns of any of the foregoing; any entity in which any of the foregoing have or have had a controlling interest; the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any of the foregoing; entities that had the right to appoint a director to any of the Defendants' boards of directors and proceeded to make such an appointment (or, for reasons unique to them, chose not to exercise such right); and any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth below;

2.    For settlement purposes only, the Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) Plaintiffs and Plaintiffs' Lead Counsel will fairly and adequately represent the interests of the Class; (e)

the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for settlement purposes only, Lead Plaintiff Anthony Duda, the Robert Valenti Revocable Trust, and Aaron Wolkstein, and additional Plaintiff Compass Recruiting Company are certified as Class Representatives, and Plaintiffs' Lead Counsel are certified as Class Counsel.

4.      The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

5.      A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2011, at ___:_____ ___.m. for the following purposes:

(a)      to finally determine whether this Litigation satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b)      to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

(c)      to determine whether an Order and Final Judgment substantially in the form annexed as Exhibit B to the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

- 3 -

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e)     to consider Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses; and

(f)     to rule upon such other matters as the Court may deem appropriate.

6.     The Settlement Fairness Hearing may be adjourned by the Court without notice to the Class other than by an announcement of the adjournment at the scheduled time of the Settlement Fairness Hearing or at the scheduled time of any adjournment of the Settlement Fairness Hearing.

7.     The Court may consider modifications of the Settlement (with the consent of Plaintiffs and Defendants) without further notice to the Class.

8.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind.  The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

9.     The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), the summary publication notice (the "Publication Notice") and the Proof of Claim form, annexed hereto as Exhibits 1, 2 and 3, respectively.

10.     The Court approves the appointment of The Garden City Group, Inc. as the Claims Administrator.  The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid,

within twenty (20) business days after entry of this Order, to all Class Members who can be identified with reasonable effort. Defendants shall cause the Funds' transfer records and shareholder information to be made available to the Claims Administrator for the purpose of identifying and giving notice to the Class. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased shares of any of the Funds during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed within five (5) business days of their receipt of the Notice to either: (a) provide to the Claims Administrator the name and last known address of each such person or entity, preferably in an MS Excel data table setting forth (i) title/registration, (ii) street address, and (iii) city/state/zip; or on electronic mailing labels in MS Word of WordPerfect files; or printed out on physical mailing labels; or (b) request sufficient copies of this Notice and the Proof of Claim form, free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of the common stock referred to herein. Nominees choosing to make their own mailing are directed, upon such mailing, to send a statement to the Claims Administrator confirming that they have done so as directed. Such persons are entitled to reimbursement from the Settlement Fund of any reasonable expenses actually incurred in connection with the research of beneficial owner records and the generating of electronic media or mailing labels or postage, to be paid after a request and submission of appropriate supporting documentation to the Claims Administrator.

11. Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

12. The Court directs that Plaintiffs' Lead Counsel cause the Publication Notice in the form annexed hereto as Exhibit 3 to be published on three (3) days over *Business Wire* on the

- 5 -

tenth, fifteen, and twentieth days (or the first business day after each such date if such day falls on a weekend or holiday) after the mailing of the Notice. Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Published Notice.

13.     The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

14.     In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected (in whole or in part) in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than _____, 2011. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any

other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

        (b)    The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of confirmation slips, account statements, or such other documentation as is deemed adequate by Plaintiffs' Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

        (c)    As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

        15.    Any member of the Class who does not submit a Proof of Claim form in the manner stated in this Order shall be deemed to have waived his, her or its right to share in the Net Settlement Fund, and shall forever be barred from sharing in the Net Settlement Fund. In all other respects, however, any such member of the Class shall be subject to and bound by all of the terms of the Settlement, including the terms of the Stipulation, the Order and Final Judgment and the releases provided for by the Stipulation and the Order and Final Judgment unless such member of the Class has submitted a request to be excluded from the Class in the manner required by this Order.

- 7 -

16.     Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first-class mail postmarked no later than _____, 2011 to the Claims Administrator at the address designated in the Notice. Any such request for exclusion must clearly indicate the name, address and telephone number of the person seeking exclusion, state that the sender requests to be excluded from the Class in the *Gosselin v. First Trust Advisors, L.P., et al.* Securities Litigation, and be signed by such person. Such persons requesting exclusion must also state the date(s), price(s), and number(s) of shares of all purchases and sales of shares of the Funds during the Class Periods. Within two business days of its receipt of any such requests for exclusion, the Claims Administrator shall electronically provide copies of such requests to counsel for all parties to the Stipulation. Failure to comply with all of the requirements set forth above to request exclusion from the Class shall result in such request for exclusion being denied.

17.     Class Members properly requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

18.     Any Class Member may be heard and/or appear at the Settlement Fairness Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate; why the Order and Final Judgment should not be entered thereon; why the proposed Plan of Allocation should not be approved as fair, reasonable and adequate; or why Plaintiffs' Lead Counsel should not be awarded attorneys' fees and payments of expenses in the amounts sought by Plaintiffs' Lead Counsel; *provided*, *however*, that no Class Member shall be

heard or be entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered, the proposed Plan of Allocation or Plaintiffs' Lead Counsel's application for an award of attorneys' fees and payment of expenses, unless on or before _____, 2011, the Class Member has served by hand or by first-class mail written objections and copies of all supporting papers and briefs (which must contain proof of purchase of shares of the Funds during the Class Periods) upon Caitlin M. Moyna, Esq., Brower Piven, A Professional Corporation, 488 Madison Avenue, New York, New York 10021, on behalf of Plaintiffs and the Class; and Sean M. Murphy, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York  10005-1413 on behalf of Defendants, and has filed the objections, papers and briefs showing due proof of service upon all counsel identified above with the Clerk of the Court, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen Building, 20th Floor, 219 South Dearborn Street, Chicago, Illinois 60604.  Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.   Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

19. Any Class Member who does not object to the Settlement and/or the Plan of Allocation and/or the adequacy of representation and/or Plaintiffs' Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses in the manner prescribed in the Notice shall be deemed forever to have waived such objection and shall forever be barred from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, the adequacy of representation or the application by Plaintiffs' Lead Counsel for an award of attorneys' fees and reimbursement of expenses or from otherwise being heard concerning these subjects in this or any other proceeding.

20. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party. Pending the Settlement Fairness Hearing, the Court stays all proceedings in the Litigation, including all discovery, other than those proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

21. This Order, the Stipulation, and any of their terms and provisions, any agreement or order relating thereto, all negotiations or proceedings connected with it, documents or statements referred to therein, and any payment or consideration provided for herein, shall not constitute evidence, or an admission by any of the Defendants or the other Released Parties, that any acts of wrongdoing have or have not been committed and shall not be deemed to create any inference that there is or is not any liability on the part of any of the Defendants or any other Released Parties. This Order, the Stipulation, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not be

- 10 -

offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order and/or the Settlement.

22.     As provided in the Stipulation, Plaintiffs' Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Administration Settlement Fund and then, if necessary, out of the Gross Settlement Fund without further order of the Court.

23.     If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiffs' Lead Counsel or Defendants' Counsel elects to terminate the Settlement as provided in ¶¶ 31 or 32 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order shall be null and void, of no further force or effect and without prejudice to any non-settling party, and may not be introduced as evidence or referred to in any actions or proceedings by any non-settling person or entity, and each non-settling party shall be restored to his, her or its respective position as it existed on the day immediately before the Stipulation was executed.

24.     The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

Dated:     Chicago, Illinois

_____, 2011

_____
Honorable Samuel Der-Yeghiayan
UNITED STATES DISTRICT JUDGE

- 11 -

# EXHIBIT 1

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ROGER J. GOSSELIN, Individually and on Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>vs.<br><br>FIRST TRUST ADVISORS L.P., FIRST TRUST PORTFOLIOS L.P., FIRST TRUST STRATEGIC HIGH INCOME FUND, FIRST TRUST STRATEGIC HIGH INCOME FUND II, FIRST TRUST STRATEGIC HIGH INCOME FUND III, JAMES A. BOWEN, and MARK R. BRADLEY,<br><br>                          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   **Case Number: 08-cv-05213** |

## NOTICE OF CLASS ACTION SETTLEMENT

**If you purchased shares of First Trust Strategic High Income Fund (the "FHI Fund") between July 26, 2005 and July 7, 2008, inclusive, First Trust Strategic High Income Fund II (the "FHY Fund") between March 28, 2006 and July 7, 2008, inclusive, or First Trust Strategic High Income Fund III (the "FHO Fund") between March 28, 2007 and July 7, 2008, inclusive, and were damaged thereby, then you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The Court has preliminarily approved a proposed settlement of a class action lawsuit brought under the federal securities laws that will provide $5,150,000 in settlement funds for the benefit of investors who bought shares of the FHI Fund between July 26, 2005 and July 7, 2008, inclusive, shares of the FHY Fund between March 28, 2006 and July 7, 2008, inclusive, and/or shares of the FHO Fund between March 28, 2007 and July 7, 2008, inclusive.

- The proposed settlement resolves a lawsuit over whether First Trust Advisors L.P., First Trust Portfolios L.P., the FHI Fund, the FHY Fund, the FHO Fund (collectively, the FHI Fund, the FHY Fund and the FHO Fund are the "Funds"), James A. Bowen, and Mark R. Bradley (the "Defendants") misled investors about the value of and risks associated with certain mortgage-related securities in which the FHI Fund, the FHY Fund, and the FHO Fund invested.

- Your legal rights are affected whether you act or do not act. **Read this notice carefully**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM BY _____ , 2011** | The only way to get a payment. |
| **EXCLUDE YOURSELF BY _____ , 2011** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Released Parties about the Settled Claims. |
| **OBJECT BY _____ , 2011** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING ON _____ , 2011** | Ask to speak in Court about the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

## SUMMARY OF NOTICE

**Statement of Plaintiff Recovery**

Pursuant to the Settlement described herein, settlement funds totaling up to $5,150,000 in cash have been established. $5,000,000 of this amount is allocable to Class Members who purchased shares of the FHI Fund between July 26, 2005 and July 7, 2008, inclusive, shares of the FHY Fund between March 28, 2006 and July 7, 2008, inclusive, and/or shares of the FHO Fund between March 28, 2007 and July 7, 2008, inclusive (the "Class Shares" purchased during the "Class Periods"). The remaining $150,000 will be used to pay certain notice and administration expenses of the Settlement; some portion of the $150,000 may be returned to the Defendants. Plaintiffs estimate that the average recovery per damaged Class Share under the Settlement is 50¢. This per share amount is before deduction of attorneys' fees and expenses that may be awarded by the Court. Depending on the number of claims submitted, when during the Class Periods a Class Member purchased shares of the FHI Fund, the FHY Fund, and/or the FHO Fund (collectively, the "Funds"), the purchase price paid, and if they were sold, when they were sold and the amount received, an individual Class Member may receive more or less than this average amount. *See* the Plan of Allocation beginning on page 17 for more information on your Recognized Claim.

2

**Statement of Potential Outcome of Case**

The Parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to have prevailed on each claim alleged. The issues on which the parties disagree include: (a) whether any of the Defendants made any false or misleading statements; (b) whether the statements made or facts allegedly omitted were material or otherwise actionable under the federal securities laws; (c) the amount by which the Funds' shares were allegedly artificially inflated (if at all) during the Class Periods; (d) the effect of various market forces influencing the trading price of the Funds' shares at various times during the Class Periods; (e) the extent to which external factors, such as general market and industry conditions, influenced the trading price of the Funds' shares at various times during the Class Periods; (f) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of the Funds' shares at various times during the Class Periods; and (g) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the trading price of the Funds' shares at various times during the Class Periods.

Defendants have denied, and continue to deny, that they have committed any violation of the federal securities laws or other laws, and have denied and continue to deny all allegations of wrongdoing or liability whatsoever alleged in the Litigation. Among other things, Defendants have denied, and continue to deny, that the Funds' registration statements, prospectuses, and other public documents, and other statements by the Defendants, contained any false or misleading statements or omissions. In addition, Defendants deny that Plaintiffs or the Class have suffered any damages.

**Statement of Attorneys' Fees and Costs Sought**

Plaintiffs' Lead Counsel are moving the Court for reimbursement of their expenses in the approximate amount of $150,000, plus an award of attorneys' fees in the amount of one-third (1/3) of the remaining balance of the Gross Settlement Fund after reimbursement of these expenses and payment of any PSLRA reimbursement awards to the Class Representatives. The requested attorneys' fees represent less than the amount of Plaintiffs' Counsel's fees charged at Plaintiffs' Counsel's normal hourly rates, had the case not been pursued on a contingent-fee basis. The requested fees and expenses would amount to an average of approximately 6.6¢ per damaged Class Share in total for fees and expenses.

Application may also be made for reimbursement to the Class Representatives for an amount not to exceed $5,000 each for reimbursement of their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

**Further Information**

Further information regarding the Litigation and this Notice may be obtained by writing to: Plaintiffs' Lead Counsel: Caitlin M. Moyna, Esq., Brower Piven, A Professional Corporation, 488 Madison Avenue, New York, New York 10021, or email at: moyna@browerpiven.com.

Reasons for the Settlement

For Plaintiffs, the principal reason for the Settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

For Defendants, who have denied, and continue to deny, that they have committed any violation of the federal securities laws or other laws, and have denied and continue to deny all allegations of wrongdoing or liability whatsoever, the sole reason for the settlement is to eliminate the burden, expense, risks, and uncertainties of further litigation.

**[END OF COVER PAGE]**

4

| WHAT THIS NOTICE CONTAINS |
|---|

**Table of Contents**

                                                                                    **Page**

SUMMARY OF NOTICE ...................................................................................................2

    Statement of Plaintiff Recovery...................................................................................2

    Statement of Potential Outcome of Case ....................................................................3

    Statement of Attorneys' Fees and Costs Sought..........................................................3

    Further Information......................................................................................................4

    Reasons for the Settlement..........................................................................................4

BASIC INFORMATION ....................................................................................................7

    1.    Why did I get this notice package?.............................................................7

    2.    What is this lawsuit about? .........................................................................7

    3.    Why is this a class action? .........................................................................8

    4.    Why is there a Settlement? .........................................................................8

WHO IS IN THE SETTLEMENT.......................................................................................9

    5.    How do I know if I am part of the Class eligible to receive part of
        the Settlement?...........................................................................................9

    6.    Are there exceptions to being included?.....................................................9

    7.    What if I am still not sure if I am included? ...............................................9

THE SETTLEMENT BENEFITS — WHAT YOU GET ..............................................10

    8.    What does the Settlement provide?...........................................................10

    9.    How much will my payment be? ...............................................................10

HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM...................10

    10.    How can I get a payment?.........................................................................10

11.    When would I get my payment? ...............................................................10

12.    What am I giving up to get a payment or stay in the Class?.....................11

SEEKING TO EXCLUDE YOURSELF FROM THE SETTLEMENT ......................................12

13.    How do I seek to get out of the proposed Settlement? ..............................12

14.    If I do not exclude myself, can I sue the Defendants or other
       Released Parties for the same thing later? ..................................................12

15.    If I exclude myself, can I get money from the proposed
       Settlement?....................................................................................................12

THE LAWYERS REPRESENTING THE CLASS.....................................................................13

16.    Do I have a lawyer in this case?.................................................................13

17.    How will the lawyers be paid?...................................................................13

OBJECTING TO THE SETTLEMENT ......................................................................................13

18.    How do I tell the Court that I do not like the proposed Settlement? .........13

19.    What is the difference between objecting and seeking exclusion?............15

THE COURT'S SETTLEMENT FAIRNESS HEARING ...........................................................15

20.    When and where will the Court decide whether to approve the
       proposed Settlement?...................................................................................15

21.    Do I have to come to the hearing? ..............................................................15

22.    May I speak at the hearing? ......................................................................16

IF YOU DO NOTHING .............................................................................................................16

23.    What happens if I do nothing at all? ..........................................................16

GETTING MORE INFORMATION...........................................................................................16

24.    Are there more details about the proposed Settlement?.............................16

25.    How do I get more information?.................................................................17

PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS
       MEMBERS .....................................................................................................17

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES ......................20

## BASIC INFORMATION

| 1. | Why did I get this notice package? |
|---|---|

You or someone in your family may have purchased shares of the FHI Fund between July 26, 2005 and July 7, 2008, inclusive, shares of the FHY Fund between March 28, 2006 and July 7, 2008, inclusive, and/or shares of the FHO Fund between March 28, 2007 and July 7, 2008, inclusive.

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement in this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains the lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of Illinois, Eastern Division, and the case is known as *Gosselin v. First Trust Advisors L.P.*, *et al.*, No. 1:08-cv-05213. This case is assigned to United States District Judge Samuel Der-Yeghiayan. The people who sued are called Plaintiffs, Lead Plaintiff, or Class Representatives. The Class Representatives are Anthony Duda, the Robert Valenti Revocable Trust, Aaron Wolkstein, and Compass Recruiting Company.

The persons and entities that Plaintiffs have sued are called Defendants. Defendants in the Litigation are: (1) First Trust Advisors L.P. ("First Trust Advisors"), (2) First Trust Portfolios L.P. ("First Trust Portfolios"), (3) the FHI Fund, (4) the FHY Fund, (5) the FHO Fund, (6) James A. Bowen (President of First Trust Advisors, First Trust Portfolios, and the Funds), and (7) Mark R. Bradley (Chief Financial Officer of First Trust Advisors, First Trust Portfolios, and the Funds)..

| 2. | What is this lawsuit about? |
|---|---|

The first of two lawsuits under the federal securities laws was filed against Defendants in the United States District Court for the Northern District of Illinois on September 12, 2008 in a case called *Gosselin v. First Trust Advisors L.P., et al.*, No. 1:08-cv-05213. On September 19, 2008, a second lawsuit under the federal securities laws was filed in the same court against Defendants in a case called *Evans v. First Trust Advisors L.P., et al.*, No. 1:08-cv-05378. On November 18, 2008, the two lawsuits were consolidated under the caption set forth on the first page of this Notice (the "Litigation").

Plaintiffs filed a consolidated complaint in the Litigation (the "Complaint") on April 30, 2009.

Plaintiffs allege in the Complaint, among other things, that during the Class Periods, Defendants knowingly or recklessly made false and misleading statements in the Funds' registration statements, prospectuses, and other public documents regarding the Funds' valuation of certain mortgage-related securities in which the Funds invested, the risks associated with those securities, and the Funds' management fee structure. Plaintiffs further allege in the Complaint that these alleged false and misleading statements caused the Funds' share prices to be artificially inflated during the Class Periods and that Plaintiffs and Class Members suffered injury when the market learned the alleged truth and the prices of the Funds' shares fell.

The Complaint seeks money damages against the Defendants for violations of the federal securities laws.

Defendants have denied, and continue to deny, that they have committed any violation of the federal securities laws or other laws, and have denied and continue to deny all allegations of wrongdoing or liability whatsoever alleged in the Litigation. Among other things, Defendants have denied, and continue to deny, that the Funds' registration statements, prospectuses, and other public documents, and other statements by Defendants contained any false or misleading statements.

| 3. Why is this a class action? |
| --- |

In a class action, one or more people called Class Representatives (here, Anthony Duda, the Robert Valenti Revocable Trust, Aaron Wolkstein, and Compass Recruiting Company), sue on behalf of people who have similar claims. All these people are a class or class members. Bringing a case, such as this one, as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring as individual actions. One court resolves the issues for all class members, except for those who properly seek to exclude themselves from the class. Here, the action is being certified as a class action for purposes of settlement only.

| 4. Why is there a Settlement? |
| --- |

The Court did not finally decide in favor of Plaintiffs or Defendants. Instead, all sides agreed to a settlement. A settlement is a compromise that enables all parties to avoid the risks and costs of a trial, and guarantees compensation to class members. The Class Representatives and their attorneys think the Settlement described in this Notice is best for the Class.

Plaintiffs have agreed to settle this action with the Defendants for $5,000,000, plus an amount up to $150,000 to cover certain administrative costs, including costs associated with notifying the Class Members of the proposed Settlement.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the Class eligible to receive part of the Settlement? |
|---|---|

Everyone who fits the following description is a Class Member: *all persons or entities who purchased shares of First Trust Strategic High Income Fund between July 26, 2005 and July 7, 2008, inclusive, First Trust Strategic High Income Fund II between March 28, 2006 and July 7, 2008, inclusive, and/or First Trust Strategic High Income Fund III between March 28, 2007 and July 7, 2008, inclusive, and who were damaged thereby.*

| 6. | Who is excluded from the Class? |
|---|---|

Excluded from the Class are Defendants currently named in the Litigation; the past or current officers, directors, and trustees of the Defendants in the Litigation at any time during the periods of wrongdoing alleged in the Litigation, including during the Class Periods and the Funds' subadvisors J.J.B. Hilliard, W.L. Lyons, LLC and Valhalla Capital Partners LLC, and the members of the immediate families of any of the foregoing; the legal representatives, heirs, successors, or assigns of any of the foregoing; any entity in which any of the foregoing have or have had a controlling interest; the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any of the foregoing; entities that had the right to appoint a director to any of the Defendants' boards of directors and proceeded to make such an appointment (or, for reasons unique to them, chose not to exercise such right); and any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in this Notice.

Class Members may also seek to exclude themselves from the Class. *See* questions 13-15 below.

If you **sold** shares of the FHI Fund, the FHY Fund, or the FHO Fund during the Class Periods, that does not make you a Class Member. You are a Class Member only if you **purchased** shares during the Class Periods.

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can call 1-800-331-9456 or visit www.gcginc.com/cases for more information. Or you can fill out and return the Proof of Claim form described on page 10, in question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

| | |
|---|---|
| 8. | What does the Settlement provide? |

In exchange for the Settlement and dismissal of the Litigation, Defendants agreed to create a $5,000,000 fund to be divided, after certain fees and expenses, among all Class Members who send in valid Proof of Claim forms and who purchased shares of the FHI Fund between July 26, 2005 and July 7, 2008, inclusive, the FHY Fund between March 28, 2006 and July 7, 2008, inclusive, and/or the FHO Fund between March 28, 2007 and July 7, 2008, inclusive, and who were damaged thereby. The Defendants also agreed to pay up to $150,000 to cover certain costs and expenses incurred by Plaintiffs or Plaintiffs' Counsel in connection with administering the Settlement.

| | |
|---|---|
| 9. | How much will my payment be? |

Your share of the Settlement proceeds will depend on how many shares of the Funds you bought, how much you paid for them, when you bought, and whether you sold them, and if so when and for how much you sold them.

You can calculate your Recognized Claim in accordance with the formulas shown below in the Plan of Allocation. It is unlikely that you will get a payment equal to the full amount of your Recognized Claim as it is anticipated that all recognized Claims in the aggregate will exceed the amount that will be ultimately available for distribution to Class Members. Instead, distribution will be made on a pro rata basis based on the total amount of Recognized Claims. *See* the Plan of Allocation beginning on page 17 for more information on your Recognized Claim(s). It is not possible at this time to estimate with accuracy the amount of Recognized Claims that will be subject to distribution from the Net Settlement Fund.

## HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM

| | |
|---|---|
| 10. | How can I get a payment? |

To qualify for a payment, **you must** submit a Proof of Claim form. A Proof of Claim form is separately included with this Notice. You may also obtain a Proof of Claim form on the Internet at www.gcginc.com/cases. Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, **2011**.

| | |
|---|---|
| 11. | When would I get my payment? |

The Court will hold a hearing on _____, **2011**, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals after that. Resolving an

appeal can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| | |
|---|---|
| 12. | What am I giving up to get a payment or stay in the Class? |

Unless you seek to exclude yourself, you are staying in the Class, and that means that, upon the "Effective Date," you will release all "Settled Claims" (as defined below) against the "Released Parties" (as defined below). It is possible that the Settlement may proceed with some Defendants but not all. If the Settlement proceeds as to some Defendants but not all, then only the settling Defendants' Released Parties will be released from the Settled Claims, and the Litigation would continue as against the other Defendant(s).

"Settled Claims" means any and all claims, debts, demands, liabilities, losses, rights, or causes of action of any nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Litigation by the Class Members or any of them, or any of their attorneys, against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of, are based upon, or are directly or indirectly related to, the acts, allegations, transactions, events, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint (or in any of the previous complaints in the Litigation) and relate to the purchase, sale, or other acquisition or disposition or holding of shares of the Funds during the Class Periods, except for claims to enforce the Settlement.

"Released Parties" means Defendants; all of Defendants' past or present subsidiaries, parents, affiliates, general or limited partners, successors, and predecessors; their respective officers, directors, trustees, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers; any person, firm, trust, partnership, corporation, officer, director, trustee or other individual or entity in which any of Defendants have a controlling interest or which is related to or affiliated with any of Defendants; their legal representatives, heirs, successors in interest or assigns; and the Funds' subadvisors J.J.B. Hilliard, W.L. Lyons, LLC and Valhalla Capital Partners LLC, and their respective subsidiaries, parents, affiliates, successors, predecessors, owners, general or limited partners, officers, directors, trustees, agents, employees, attorneys, advisors, auditors, accountants, and insurers.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes final and not subject to appeal.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## SEEKING TO EXCLUDE YOURSELF FROM THE SETTLEMENT

If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Parties, on your own, with respect to the Settled Claims, and do not want a payment from the Settlement, you must take steps to get out. This is called seeking to exclude yourself — and is sometimes referred to as "opting out" of the Settlement Class.

| | |
|---|---|
| 13. | How do I seek to get out of the proposed Settlement? |

To exclude yourself from the Settlement Class, you must send a signed letter by mail stating that you "request exclusion from the Class in *Gosselin v. First Trust Advisors L.P., et al.*, Case Number 08-cv-05213." Your letter must state the date(s), price(s), and number(s) of shares of all your purchases and sales of shares of the FHI Fund, FHY Fund and/or FHO Fund during the applicable Class Period. In addition, be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than _____, **2011** to:

*Gosselin v. First Trust Advisors L.P., et al.* Exclusions
c/o the Garden City Group
P.O. Box 9740
Dublin, OH 43017-5640

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendants or other Released Parties in the future.

| | |
|---|---|
| 14. | If I do not exclude myself, can I sue Defendants or the other Released Parties for the same thing later? |

No. Unless you exclude yourself, you give up any rights to sue Defendants and the other Released Parties for any and all Settled Claims. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must seek to exclude yourself from *this* Class to continue your own lawsuit.

| | |
|---|---|
| 15. | If I exclude myself, can I get money from the proposed Settlement? |

No. If you exclude yourself, do not send in a Proof of Claim form to ask for any money. But if you properly exclude yourself from the Class, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants or the other Released Parties.

## THE LAWYERS REPRESENTING THE CLASS

| |
|---|
| 16.    Do I have a lawyer in this case? |

The Court ordered that the law firm of Brower Piven, A Professional Corporation ("Brower Piven"), in New York City, New York will represent the Class. These lawyers are called Plaintiffs' Lead Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Plaintiffs' Lead Counsel's fees and expenses, which will be paid from the Gross Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| |
|---|
| 17.    How will the lawyers be paid? |

Plaintiffs' Lead Counsel will ask the Court for an award of attorneys' fees in the amount of 1/3 of the Gross Settlement Fund, plus reimbursement of their expenses in the approximate amount of $150,000 to be distributed among Plaintiffs' Counsel as compensation for their services in prosecuting the Action and obtaining the proposed Settlement for the Class.

Defendants have agreed to cause to be paid up to $150,000 to reimburse Plaintiffs and Plaintiffs' Counsel for certain costs and expenses incurred by them in administering the Settlement. To the extent there are any Claims Administrator's fees and expenses incurred in connection with giving notice, administering the Settlement and distributing the Settlement proceeds to the members of the Class that are not otherwise covered by this $150,000, Plaintiffs' Lead Counsel, without further notice to the Class, may apply to the Court for payment of such fees and expenses.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| |
|---|
| 18.    How do I tell the Court that I do not like the proposed Settlement? |

If you are a Class Member you can object to the Settlement or any of its terms, the proposed Plan of Allocation and/or the application by Plaintiffs' Lead Counsel for an award of fees and expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the Settlement terms or arrangements. The Court will consider your views if you file a proper objection within the deadline identified, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed Settlement in *Gosselin v. First Trust Advisors L.P., et al.*, No. 08-cv-05213. Be sure to include your name, address, telephone number, and your signature; identify the date(s), price(s), and number(s) of shares of all purchases and sales of shares of the FHI Fund, FHY Fund and/or FHO Fund you made during the Class Periods; and state the reasons why you object to the Settlement. Your

objection must be filed with the Court and served on all of the following counsel on or before
_____, **2011**:

## COURT

Clerk of the Court
United States District Court for the Northern District of Illinois, Eastern Division
Everett McKinley Dirksen Building, 20th Floor
219 South Bearborn Street
Chicago, IL 60604

## PLAINTIFFS' LEAD COUNSEL

David A.P. Brower, Esq.
Caitlin M. Moyna
Brower Piven
 A Professional Corporation
488 Madison Avenue
Eighth Floor
New York, New York 10021

## DEFENDANTS' COUNSEL

Sean M. Murphy, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413

| 19. | What Do I Have to Do to Object? |
|-----|-------------------------------|

At the Settlement Fairness Hearing, any Class Member who has not previously submitted a request for exclusion from the Class and who has complied with the procedures set out in this question 19 and questions 18 and 23 hereof for filing with the Court and providing to Plaintiffs' Counsel and Defendants' Counsel a statement of an intention to appear at the Settlement Fairness Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation or Plaintiffs' Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. You do not need to go to the Settlement Fairness Hearing to have your written objection considered by the Court, but any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Hearing.

Persons who intend to object to the Settlement, the Plan of Allocation, and/or Plaintiffs' Lead Counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity

14

of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.

| 20. | What is the difference between objecting and seeking exclusion? |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| 21. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Fairness Hearing at ___:____ ___.m. on ____day, _____, 2011, at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen Building, 20th Floor, 219 South Dearborn Street, Chicago, Illinois, 60604. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement and the application of Plaintiffs' Lead Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions at questions 18 and 19 above. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the Settlement Fairness Hearing, but decisions regarding the conduct of the hearing will be made by the Court. *See* question 23 for more information about speaking at the hearing. The Court may also decide how much to pay to Plaintiffs' Counsel. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Fairness Hearing. Thus, if you want to come to the hearing, you should check with Plaintiffs' Lead Counsel before coming to be sure that the date and/or time has not changed.

| 22. | Do I have to come to the hearing? |
|---|---|

No. Plaintiffs' Counsel will answer questions the Court may have. However, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 23. | May I speak at the hearing? |
| --- | --- |

Yes, but only if you are a Class Member. To be heard at the Settlement Fairness Hearing, whether in favor or against the Settlement, Plan of Allocation and/or Plaintiffs' Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, you must file with the Court and serve on the Parties as set forth above (see questions 18 and 19 above) a "Notice of Intention to Appear in *Gosselin v. First Trust Advisors L.P., et al.*,, Case Number 08-cv-05213," You also must include with that statement a summary of what you intend to tell the Court at the Settlement Fairness Hearing, as well as a statement setting forth your name, address, telephone number, and your signature; identifying the date(s), price(s), and number(s) of shares of all purchases and sales of shares of the FHI Fund, FHY Fund and/or FHO Fund you made during the Class Periods.

Unless otherwise ordered by the Court, you cannot speak at the hearing if you exclude yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Fairness Hearing by the deadline identified, and in accordance with the procedures described in questions 18, 19, and 21 above.

## IF YOU DO NOTHING

| 24. | What happens if I do nothing at all? |
| --- | --- |

If you do nothing, you will get no money from the Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Parties about the Settled Claims in this case, ever again. To share in the Net Settlement Fund you must submit a Proof of Claim form (see question 10). To start, continue or be a part of any other lawsuit against Defendants and the other Released Parties about the Settled Claims in this case you must exclude yourself from this Class (see question 13).

## GETTING MORE INFORMATION

| 25. | Are there more details about the proposed Settlement? |
| --- | --- |

This Notice summarizes the proposed Settlement. More details are in a Stipulation and Agreement of Settlement dated March 21, 2011 (the "Stipulation"). You can get a copy of the Stipulation by writing to Caitlin M. Moyna, Esq., Brower Piven, A Professional Corporation, 488 Madison Avenue, New York, New York 10021, or by visiting www.gcginc.com/cases.

You also can call the Claims Administrator at 1-800-331-9456; write to *Gosselin v. First Trust Advisors L.P., et al.* Settlement, c/o The Garden City Group, Inc. P.O. Box 9740, Dublin, OH 43017-5640, or visit www.gcginc.com/cases where you will find answers to common questions about the Settlement, a Proof of Claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

**DO NOT CONTACT THE COURT OR THE CHAMBERS OF THE JUDGE OVERSEEING THIS LITIGATION FOR ADDITIONAL INFORMATION.**

| 26. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you may refer to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Litigation, which may be inspected at the Office of the Clerk of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen Building, 20th Floor, 219 South Dearborn Street, Chicago, Illinois 60604, during regular business hours.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The following proposed Plan of Allocation reflects the allegations in the Complaint. The Complaint alleges that certain Defendants made materially untrue and misleading statements and omissions in certain registration statements, prospectuses and other public documents filed on behalf of the Funds during the Class Periods. The Complaint alleges violations of Sections 11 and 12(a)(2) of the Securities Act of 1933 and Sections 10(b) and 14(a) of the Securities Exchange Act of 1934 and Rules 10b-5 and 14a-9 promulgated thereunder for misstatements and omissions throughout the Class Periods. These claims are asserted to be available to those who purchased shares of the FHI Fund between July 26, 2005 and July 7, 2008, inclusive, the FHY Fund between March 28, 2006 and July 7, 2008, inclusive, and/or the FHO Fund between March 28, 2007 and July 7, 2008, inclusive, and who were damaged thereby. Defendants deny that they did anything wrong or that Plaintiffs or the Class have suffered any damages and have asserted numerous defenses.

### Plan of Allocation for Net Settlement Fund

The $5,000,000 Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit valid Proofs of Claim ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

**The FHI Class Period** : The FHI Class Period for the FHI Fund begins on July 26, 2005 and ends on July 7, 2008. Members of the FHI Class purchased shares of the FHI Fund during the FHI Class Period.

The Recognized Claims for purchases of shares of the FHI Fund will be calculated in the following manner:

17

1.   For purchasers of the FHI Fund who purchased fund shares between July 26, 2005 and July 7, 2008, and held such shares on July 7, 2008, recognized loss per share is the lesser of:

   A.   $0.59

   B.   The price paid less $10.22

   C.   The price paid less the price received, if sold after July 7, 2008.

**The FHY Class Period**: The FHY Class Period for the FHY Fund begins on March 28, 2006 and ends on July 7, 2008. Members of the FHY Class purchased shares of the FHY Fund during the FHY Class Period.

The Recognized Claims for purchases of shares of the FHY Fund will be calculated in the following manner:

2.   For purchasers of the FHY Fund who purchased fund shares between March 28, 2006 and July 7, 2008, and held such shares on July 7, 2008, recognized loss per share is the lesser of:

   A.   $0.36

   B.   The price paid less $10.52

   C.   The price paid less the price received, if sold after July 7, 2008.

**The FHO Class Period**: The FHO Class Period for the FHO Fund begins on March 28, 2007 and ends on July 7, 2008. Members of the FHO Class purchased shares of the FHO Fund during the FHO Class Period.

The Recognized Claims for purchases of shares of the FHO Fund will be calculated in the following manner:

3.   For purchasers of the FHO Fund who purchased fund shares between March 28, 2007 and July 7, 2008, and held such shares on July 7, 2008, recognized loss per share is the lesser of:

   A.   $0.54

   B.   The price paid less $8.46

   C.   The price paid less the price received, if sold after July 7, 2008.

General Provisions

     a.    If a Class Member held shares of the Funds at the opening of any of the Class Periods, any sales of shares of the Funds during the Class Period shall be matched against such holding on a First-In First-Out ("FIFO") basis, and then against purchases during the Class Periods in chronological order.

     b.    A purchase or sale of any share of the Funds shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

     c.    The receipt of an *inter vivos* gift, distribution from an estate, or an inter-account transfer of shares of the Funds during the Class Period shall not be deemed to be a purchase of shares in the Funds. However, the recipient of a gift or a distribution from an estate, or an inter-account transfer of shares of the Funds, shall be eligible to file a Proof of Claim and participate in the Settlement to the extent the particular donor as the actual purchaser of such shares of the Funds would have been eligible, and based upon the circumstances of such purchase within the Class Period. However, donor and donee may not both claim with regard to the same shares of the Funds. If both donor and donee make such a claim, only the claim filed by the donee will be honored.

     d.    Each Authorized Claimant will be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim, as compared to the total Recognized Claims of all Authorized Claimants.

     e.    All Class members who do not submit a request for exclusion will, if the Settlement becomes Final, be considered members of the "Settlement Class" and will be subject to and bound by the provisions of the Stipulation, including the releases contained therein, and the Final Order and Judgment. Members of the Settlement Class must submit a valid Proof of Claim to share in the settlement proceeds. A Settlement Class Member who fails to submit a valid Proof of Claim will not share in the settlement proceeds, but will nonetheless be bound by the terms of the Settlement.

     f.    No cash payment will be made on a claim where the potential distribution amount is $10.00 or less.

     g.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds may, if practicable, be redistributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six (6) months after such re-distribution, or one (1) year after initial distribution, if there is no redistribution, any funds shall remain in the Net Settlement Fund, then such balance shall be

contributed to non-sectarian, not-for-profit 501(c)(3) organization(s) designated by Plaintiffs' Lead Counsel.

      h.    Plaintiffs, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation or payment of any Proof of Claim or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased shares of the Funds during the Class Periods for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN FIVE (5) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased shares of the Fund(s) during the Class Periods or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within five (5) business days mail the Notice and Proof of Claim form directly to the beneficial owners of those shares of the Funds. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Gosselin v. First Trust Advisors L.P. Securities Litigation*
c/o The Garden City Group, Inc.
P.O. Box 9740
Dublin, OH 43017-5640

Dated:      Chicago, Illinois
          _____, 2011

                       By Order of the Court
                       CLERK OF THE COURT

# EXHIBIT 2

<table>
<tr><td>

**Must be Postmarked**
**No Later Than**
**_____, 2011**

</td><td>

**Gosselin v. First Trust Advisors L.P., et al. Securities Litigation**
**c/o GCG, Inc.**
**P.O. Box 9740**
**Dublin, OH 43017-5640**
**1-800-331-9456**

</td><td>



</td></tr>
</table>

Claim Number:                    Control Number:

# PROOF OF CLAIM AND RELEASE

**TABLE OF CONTENTS**

**PAGE #**

**PART I - GENERAL INSTRUCTIONS** ..........................................................1

**PART II - CLAIMANT INFORMATION** .........................................................3

**PART III - SCHEDULE OF TRANSACTIONS IN FHI FUND COMMON STOCK** ......................4

**PART IV - SCHEDULE OF TRANSACTIONS IN FHY FUND COMMON STOCK** ......................5

**PART V - SCHEDULE OF TRANSACTIONS IN FHO FUND COMMON STOCK** ......................6

**PART VI - CERTIFICATION & SIGNATURE** .....................................................7

## PART I - GENERAL INSTRUCTIONS

IF YOU PURCHASED SHARES OF FIRST TRUST STRATEGIC HIGH INCOME FUND (THE "FHI FUND") BETWEEN JULY 26, 2005 AND JULY 7, 2008, INCLUSIVE, FIRST TRUST STRATEGIC HIGH INCOME FUND II (THE "FHY FUND") BETWEEN MARCH 28, 2006 AND JULY 7, 2008, INCLUSIVE, OR THE FIRST TRUST STRATEGIC HIGH INCOME FUND III (THE "FHO FUND") BETWEEN MARCH 28, 2007 AND JULY 7, 2008, INCLUSIVE, AND YOU WERE DAMAGED THEREBY, YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

Excluded from the Class are Defendants currently named in the Litigation; the past or current officers, directors, and trustees of the Defendants in the Litigation at any time during the periods of wrongdoing alleged in the Litigation, including during the Class Periods; members of the immediate families of any of the foregoing; the legal representatives, heirs, successors, or assigns of any of the foregoing; any entity in which any of the foregoing have or have had a controlling interest; the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any of the foregoing; entities that had the right to appoint a director to any of the Defendants' boards of directors and proceeded to make such an appointment (or, for reasons unique to them, chose not to exercise such right); and any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, 2011 TO THE FOLLOWING ADDRESS:

**Gosselin v. First Trust Advisors L.P., et al. Securities Litigation**
**c/o GCG, Inc.**
**P.O. Box 9740**
**Dublin, OH 43017-5640**

2

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2011 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED.  SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ABOVE ADDRESS.

## **CLAIMANT'S STATEMENT**

1.      I affirm that I purchased shares of First Trust Strategic High Income Fund (the "FHI Fund") between July 26, 2005 and July 7, 2008, inclusive, First Trust Strategic High Income Fund II (the "FHY Fund") between March 28, 2006 and July 7, 2008, inclusive, or the First Trust Strategic High Income Fund III (the "FHO Fund") between March 28, 2007 and July 7, 2008, inclusive, and was damaged thereby.  (Do not submit this Proof of Claim if you did not purchase shares of the FHI Fund, the FHY Fund, or the FHO Fund during the applicable time period).

2.      By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and in the Notice of Class Action Settlement (the "Notice"), or am acting for such person; that I am not a Defendant in the Litigation or anyone excluded from the Class; that I have read and understand the Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described in the Notice; and that I have not filed a request for exclusion.  (If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.      I consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I understand and agree that my claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my status as a Class Member and the validity and amount of my claim.  I further understand and agree that no discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proofs of Claim and in particular that no discovery shall be permitted against any Defendants in connection with any Proofs of Claim.

4.      I have set forth where requested below all relevant information with respect to each purchase of shares of the FHI Fund between July 26, 2005 and July 7, 2008, inclusive, the FHY Fund between March 28, 2006 and July 7, 2008, inclusive, and the FHO Fund between March 28, 2007 and July 7, 2008, inclusive, and each sale, if any, of such securities.  I agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.      I have enclosed photocopies of the confirmation slips, statements, or other documents evidencing each purchase, sale or retention of shares of the FHI Fund between July 26, 2005 and July 7, 2008, inclusive, the FHY Fund between March 28, 2006 and July 7, 2008, inclusive, and the FHO Fund between March 28, 2007 and July 7, 2008, inclusive, listed below in support of my claim.  (THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.      I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification.  (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim.  In some cases the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject securities such as options.)

7.      I hereby acknowledge that, upon the occurrence of the Effective Date, by operation of law, I on behalf of myself and on behalf of my heirs, executors, administrators, predecessors, successors, and assigns (or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, I on behalf of it, him, her or them and on behalf of its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) shall fully and completely release, remise and discharge each of the "Released Parties" of all "Settled Claims," as defined in the Notice.

8.      NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the website at www.gcginc.com or you may e-mail the Claims Administrator at eClaim@gcginc.com.  Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at eClaim@gcginc.com to inquire about your file and confirm it was received and acceptable.

3 

## Gosselin v. First Trust Advisors L.P., et al. Securities Litigation

### PART II - CLAIMANT INFORMATION

**Beneficial Owner's Name (First, Middle, Last)      /      Joint Owner's Name**

**Account Number:** (not required)

**Last 4 digits of Claimant Social Security Number/Taxpayer ID Number:**

**Street Address**

**City**                                                        **State and Zip Code**

**Foreign Province**                                  **Foreign Country**

or

**Social Security Number**                        **Taxpayer Identification Number**

**Check appropriate box (check only one box):**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | Individual/Sole Proprietor | ☐ | Joint Owners | ☐ | Pension Plan |
| ☐ | Corporation | ☐ | Partnership | ☐ | Trust |
| ☐ | IRA | ☐ | Estate | ☐ | Other (describe:_____) |

**(Daytime)**

**Area Code**          **Telephone Number**

**(Evening)**

**Area Code**          **Telephone Number**

**Email Address** *(Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)*

**Record Owner's Name (if different from beneficial owner listed above)**

NOTE:  Separate Proofs of Claim should be submitted for each separate legal entity (for example, a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name).  Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (for example, a Corporation with multiple brokerage accounts should include all transactions made in shares of the FHI Fund between July 26, 2005 and July 7, 2008, inclusive, the FHY Fund between March 28, 2006 and July 7, 2008, inclusive, and the FHO Fund between March 28, 2007 and July 7, 2008, inclusive, on one Proof of Claim, no matter how many accounts the transactions were made in.)

4



## PART III - SCHEDULE OF TRANSACTIONS IN FHI FUND COMMON STOCK PURCHASES

1. **BEGINNING HOLDINGS:** At the open of trading on **July 26, 2005**, I owned shares of the FHI Fund.

2. **PURCHASES:** I made the following purchases of shares of the **FHI Fund** between **July 26, 2005** and **July 7, 2008**, inclusive. (Persons who received shares of the FHI Fund other than by purchase are not eligible to submit claims for those transactions) (must be documented)*:

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | | Aggregate Cost (including commissions, taxes, and fees) | |
|---|---|---|---|---|---|
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |

3. **PURCHASES:** From **July 8, 2008** and **October 8, 2008**, inclusive, I purchased a total of shares of the FHI Fund. (If none, write "zero" or "0".) (If other than zero, must be documented.)

4. **SALES:** I made the following sales of shares of the **FHI Fund** between **July 26, 2005** and **October 8, 2008**, inclusive. (If none, write "zero" or "0". If other than zero, must be documented):

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share Stock | | Amount Received (net of commissions, taxes, and fees) | |
|---|---|---|---|---|---|
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |

5. **UNSOLD HOLDINGS:** At the close of trading on **October 8, 2008**, I owned shares of the **FHI Fund.** (If none, write "zero" or "0". If other than zero, must be documented.)

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU <u>MUST</u> PHOTOCOPY THIS PAGE AND CHECK THIS BOX ❑ IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

5



---

## PART IV - SCHEDULE OF TRANSACTIONS IN FHY FUND COMMON STOCK SALES

1. **BEGINNING HOLDINGS:** At the open of trading on **March 28, 2006**, I owned _____ shares of the FHY Fund.

2. **PURCHASES:** I made the following purchases of shares of the **FHY Fund** between **March 28, 2006** and **July 7, 2008**, inclusive. (Persons who received shares of the FHY Fund other than by purchase are not eligible to submit claims for those transactions) (must be documented)**:

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| / / | | $ . | $ . |
| / / | | $ . | $ . |
| / / | | $ . | $ . |
| / / | | $ . | $ . |

3. **PURCHASES:** From **July 8, 2008** and **October 8, 2008**, inclusive, I purchased a total of _____ shares of the FHY Fund. (If none, write "zero" or "0".) (If other than zero, must be documented.)

4. **SALES:** I made the following sales of shares of the **FHY Fund** between **March 28, 2006** and **October 8, 2008**, inclusive. (If none, write "zero" or "0". If other than zero, must be documented):

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| / / | | $ . | $ . |
| / / | | $ . | $ . |
| / / | | $ . | $ . |
| / / | | $ . | $ . |

5. **UNSOLD HOLDINGS:** At the close of trading on **October 8, 2008**, I owned _____ shares of the **FHY Fund**. (If none, write "zero" or "0". If other than zero, must be documented.)

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU <u>MUST</u> PHOTOCOPY THIS PAGE AND CHECK THIS BOX ❑ IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

### PART V - SCHEDULE OF TRANSACTIONS IN FHO FUND COMMON STOCK SALES

1.  **BEGINNING HOLDINGS:** At the open of trading on **March 28, 2007**, I owned shares of the FHO Fund.

2.  **PURCHASES:** I made the following purchases of shares of the **FHO Fund** between **March 28, 2007** and **July 7, 2008**, inclusive. (Persons who received shares of the FHO Fund other than by purchase are not eligible to submit claims for those transactions) (must be documented)***:

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| /   / | | $ . | $ . |
| /   / | | $ . | $ . |
| /   / | | $ . | $ . |
| /   / | | $ . | $ . |

3.  **PURCHASES:** From **July 8, 2008** and **October 8, 2008**, inclusive, I purchased a total of shares of the **FHO Fund**. (If none, write "zero" or "0". If other than zero, must be documented.)

4.  **SALES:** I made the following sales of shares of the **FHO Fund** between **March 28, 2007** and **October 8, 2008**, inclusive. (If none, write "zero" or "0". If other than zero, must be documented):

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| /   / | | $ . | $ . |
| /   / | | $ . | $ . |
| /   / | | $ . | $ . |
| /   / | | $ . | $ . |

5.  **UNSOLD HOLDINGS:** At the close of trading on **October 8, 2008**, I owned shares of the **FHO Fund**. (If none, write "zero" or "0". If other than zero, must be documented.)

### IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU <u>MUST</u> PHOTOCOPY THIS PAGE AND CHECK THIS BOX ❑
### IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED

7



## PART VI - CERTIFICATION & SIGNATURE

**Request for Taxpayer Identification Number:**

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

_____        or        _____

Social Security Number (for individuals)                                    Taxpayer Identification Number
                                                                             (for estates, trusts, corporations, etc.)

**Certification**

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (we) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

**Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign.)**

Executed this _____ day of _____, in _____, _____.
                          (Month/Year)                      (City)                      (State/Country)


_____

Signature of Claimant


_____        _____

Print Name of Claimant                                                Date


_____

Signature of Joint Claimant, if any


_____        _____

Print Name of Joint Claimant                                          Date

*If Claimant is other than an individual, or is not the person completing this form,*
*the following also must be provided:*


_____

Signature of Person Completing Form


_____        _____

Print Name of Person Completing Form                                  Date


_____

Capacity of Person Signing (Executor, President, Trustee, etc.)


THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN _____, 2011, AND MUST BE MAILED TO:

**Gosselin v. First Trust Advisors L.P., et al. Securities Litigation**
**c/o GCG, Inc.**
**P.O. Box 9740**
**Dublin, OH 43017-5640**

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2011, and if a postmark is indicated on the envelope and it is mailed first class, and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

## REMINDER CHECKLIST

1. Please sign the Certification Section of the Claim Form.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. For an overview of what constitutes adequate supporting documentation please visit www.gcginc.com/pages/cases/filing-tips.php.

4. **DO NOT SEND** ORIGINALS OF ANY SUPPORTING DOCUMENTS.

5. Keep a copy of your Claim Form and all documentation submitted for your records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard. If you do not receive an acknowledgment postcard within 60days, please call the Claims Administrator toll free at 1-800-331-9456.

7. If you move, please send us your new address to the Claims Administrator at:

**Gosselin v. First Trust Advisors L.P., et al. Securities Litigation**
**c/o GCG, Inc.**
**P.O. Box 9740**
**Dublin, OH 43017-5640**

8. **Do not use highlighter on the Claim Form or supporting documentation.**

**THIS CLAIM FORM MUST BE POSTMARKED NO LATER THAN MAY 5, 2011**
**AND MUST BE MAILED TO:**

**Gosselin v. First Trust Advisors L.P., et al. Securities Litigation**
**c/o GCG, Inc.**
**P.O. Box 9740**
**Dublin, OH 43017-5640**

# EXHIBIT 3

**EXHIBIT 3**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ROGER J. GOSSELIN, Individually and on Behalf of All Others Similarly Situated,    ) <br> ) <br> ) <br> Plaintiff,    ) <br> ) <br> vs.    ) <br> ) <br> FIRST TRUST ADVISORS L.P., FIRST TRUST ) <br> PORTFOLIOS L.P., FIRST TRUST ) <br> STRATEGIC HIGH INCOME FUND, FIRST ) <br> TRUST STRATEGIC HIGH INCOME FUND II,) <br> FIRST TRUST STRATEGIC HIGH INCOME ) <br> FUND III, JAMES A. BOWEN, and MARK R. ) <br> BRADLEY,    ) <br> ) <br> Defendants.    ) <br> ) | **Case Number: 08-cv-05213** <br><br> Honorable Samuel Der-Yeghiayan |

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND SETTLEMENT HEARING

TO:      ALL PERSONS OR ENTITIES WHO PURCHASED SHARES OF FIRST TRUST STRATEGIC HIGH INCOME FUND (THE "FHI FUND") BETWEEN JULY 26, 2005 AND JULY 7, 2008, INCLUSIVE, FIRST TRUST STRATEGIC HIGH INCOME FUND II (THE "FHY FUND") BETWEEN MARCH 28, 2006 AND JULY 7, 2008, INCLUSIVE, OR THE FIRST TRUST STRATEGIC HIGH INCOME FUND III (THE "FHO FUND") BETWEEN MARCH 28, 2007 AND JULY 7, 2008, INCLUSIVE, AND WHO WERE DAMAGED THEREBY (THE "CLASS").

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the above-captioned action has been certified as a class action and that a settlement for a total of $5,000,000 in cash plus up to an additional $150,000 in notice and administration expenses has been proposed. A hearing will be held before the Honorable Samuel Der-Yeghiayan at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen Building, 20th Floor, 219 South Dearborn Street, Chicago Illinois, 60604, at ___:_____ ___.m., on _____, 2011, to determine whether to:

(1) approve the proposed settlement as fair, reasonable, and adequate, (2) approve the proposed

plan of allocation of the settlement; and (3) to grant the application of Plaintiffs' Counsel for an

award of attorneys' fees and reimbursement of expenses.

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE,
YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO
SHARE IN THE SETTLEMENT FUND.**

PLEASE BE ADVISED THAT THIS IS ONLY A SUMMARY NOTIFICATION TO CLASS MEMBERS
AND THAT A FULL DESCRIPTION OF THE ACTION, THE SETTLEMENT, THE PLAN OF ALLOCATION
AND PLAINTIFFS' COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES, AND YOUR RIGHTS AS A CLASS MEMBER ARE SET FORTH IN THE
DETAILED NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, MOTION FOR
ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING (THE "NOTICE"),

If you have not yet received the full printed Notice or a Proof of Claim form, you may

obtain copies of these documents by contacting the Claims Administrator:

*Gosselin v. First Trust Advisors L.P., et al.* Securities Litigation
c/o The Garden City Group, Inc.
P.O. Box 9740
Dublin, OH 43017-5650

Inquiries, other than requests for the forms of Notice and Proof of Claim, may be made

by writing to Plaintiffs' Lead Counsel:

Caitlin M. Moyna, Esq.
Brower Piven
A Professional Corporation
488 Madison Avenue
Eighth Floor
New York, New York 10021
moyna@browerpiven.com

PLEASE NOTE THE FOLLOWING IMPORTANT DATES AND DEADLINES:

- To participate in the Settlement, you must submit a Proof of Claim no later than

    _____, 2011.  If you are a Class Member and do not submit a proper

    Proof of Claim, you will not share in the Settlement, but you nevertheless will be

    bound by the Order and Final Judgment of the Court.

2

- If you are a Class Member and do not exclude yourself from the Class, you will be bound by the Order and Final Judgment of the Court. To seek to exclude yourself from the Class, you must submit a request for exclusion conforming to the instructions in the Notice of Class Action Settlement postmarked no later than _____, 2011.

- If you are a Class Member, do not request exclusion from the Class, and wish to object to the Settlement, Plan of Allocation and/or Plaintiffs' Counsel's application for an award of attorneys' fees and/or reimbursement of expenses, you must comply with the instructions in the Notice of Pendency of Class Action and Proposed Settlement for submitting objections, and your objection must be filed no later than _____, 2011.

- The Settlement Fairness Hearing will be held on _____, 2011. To be heard at that hearing, you must be a Class Member, not request exclusion from the Class, and comply with the instructions set forth in the Notice for Class Members to be heard at the hearing

Further information may be obtained by contacting the Claims Administrator:

*Gosselin v. First Trust Advisors L.P., et al.* Securities Litigation
c/o The Garden City Group, Inc.
P.O. Box 9740
Dublin, OH 43017-5650

By Order of The Court

3

# EXHIBIT B

## EXHIBIT B

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ROGER J. GOSSELIN, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>FIRST TRUST ADVISORS L.P., FIRST TRUST PORTFOLIOS L.P., FIRST TRUST STRATEGIC HIGH INCOME FUND, FIRST TRUST STRATEGIC HIGH INCOME FUND II, FIRST TRUST STRATEGIC HIGH INCOME FUND III, JAMES A. BOWEN, and MARK R. BRADLEY,<br><br>      Defendants. | **Case Number: 08-cv-05213**<br><br>Honorable Samuel Der-Yeghiayan |

### ORDER AND FINAL JUDGMENT

Unless otherwise indicated, all terms defined in the Stipulation and Agreement of Settlement dated March __, 2011 (the "Stipulation") and the Findings and Order Preliminarily Certifying a Class for Settlement Purposes, Preliminarily Approving Proposed Settlement, Approving Firm and Dissemination of Class Notice and Setting Date for Hearing on Final Approval (the "Preliminary Approval Order") have the same meanings when used herein.

On the _____ day of _____, 2011, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants

and as against all persons or entities who are members of the Class herein who have not properly requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased shares of First Trust Strategic High Income Fund between July 26, 2005 and July 7, 2008, inclusive, First Trust Strategic High Income Fund II between March 28, 2006 and July 7, 2008, inclusive, or the First Trust Strategic High Income Fund III between March 28, 2007 and July 7, 2008, inclusive, and who were damaged thereby, except those persons or entities excluded from the definition of the Class, as shown by the records of the transfer agent for the Funds, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published on three (3) occasions over the Business Wires pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.    The Court has jurisdiction over the subject matter of the Litigation, Plaintiffs, all Class Members, and Defendants.

2.    For settlement purposes only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that:  (a)

the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives and Plaintiffs' Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby finally certifies the Litigation as a class action for purposes of settlement only on behalf of all persons or entities who purchased shares of the Funds during the Class Periods, and who were damaged thereby, but excluding Defendants currently named in the Litigation; the past or current officers, directors, and trustees of the Defendants in the Litigation at any time during the periods of wrongdoing alleged in the Litigation, including during the Class Periods; members of the immediate families of any of the foregoing; the legal representatives, heirs, successors, or assigns of any of the foregoing; and any entity in which any of the foregoing have or have had a controlling interest; the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any of the foregoing; entities that had the right to appoint a director to any of the Defendants' boards of directors and proceeded to make such an appointment (or, for reasons unique to them, chose not to exercise such right). Also excluded from the Class are the persons and/or entities who properly requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for settlement purposes only, this Court hereby finally certifies Lead Plaintiff Anthony Duda, the Robert Valenti Revocable Trust, and Aaron Wolkstein, and additional Plaintiff Compass Recruiting Company as Class Representatives, and Plaintiffs' Lead Counsel are certified as Class Counsel.

5.     Notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Litigation as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto. Plaintiffs' Lead Counsel has filed with the Court proof of mailing of the Notice and Proof of Claim and proof of publication of the Publication Notice.

6.     The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.     The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

8.      The releases as set forth in ¶ 3 of the Stipulation (the "Releases"), together with the definitions contained in ¶ 1 of the Stipulation relating thereto are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a)     The Settled Claims are hereby compromised, settled, released, and forever discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. Plaintiffs and each member of the Class, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, are hereby permanently barred and enjoined from instituting, filing, commencing, maintaining, intervening in, or prosecuting any and all Settled Claims against the Released Parties; and

(b)     The Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. The Defendants and their heirs, executors, administrators, predecessors, successors and assigns of any of them and the other Released Parties, by operation of this Order and Final Judgment, are hereby permanently barred and enjoined from instituting, filing, commencing, maintaining, intervening in, or prosecuting any and all Settled Defendants' Claims.

9.      This Order and Final Judgment, the Stipulation, and any of their terms and provisions, any agreement or order relating thereto, all negotiations or proceedings connected with it, documents or statements referred to therein, and any payment or consideration provided for herein, is not and shall not be:

(a)     offered or received against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Defendants;

(b)     offered or received against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendant;

(c)     offered or received against any of the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that any of the Defendants may refer to it to effectuate the liability protection (including releases) granted them hereunder;

(d)     construed against Plaintiffs or any other Class Members or against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)     construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any other Class Members that any of their claims are without merit, or that any defenses asserted by any of the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

10. Notwithstanding the provisions of the preceding paragraph, Defendants may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Plaintiffs' Counsel are hereby awarded one-third (1/3) of the Gross Settlement Fund, plus $150,000 in reimbursement of expenses. The amounts shall be paid to Plaintiffs' Lead Counsel from the Gross Settlement Fund with interest from the date the Gross Settlement Fund was funded to the date of payment at the same net rate that the Gross Settlement Fund earns. The Court finds the award of attorneys' fees and expenses to be fair and reasonable. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Litigation.

14. Plaintiffs' Lead Counsel shall allocate the attorneys' fees amongst Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Litigation. As a condition of receiving such fees and expenses, Plaintiffs' Lead Counsel (and each of its partners and/or shareholders) and each

Plaintiffs' Counsel (and each of its partners and/or shareholders) shall be subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

15.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a)     the Settlement has created a fund of $5,000,000 in cash that is already on deposit, plus interest thereon, and that Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b)     the Settlement has also created a fund of $150,000 to reimburse Plaintiffs for certain costs and expenses incurred by Plaintiffs in connection with administering the settlement;

(c)     Over _____ copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for reimbursement of their expenses in the approximate amount of $150,000 plus an award of attorneys' fees in the amount of one-third (1/3) of the remaining balance of the Gross Settlement Fund after reimbursement of these expenses and payment of any PSLRA reimbursement awards to the Class Representatives, and [_____] objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(d)     Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e)     The Litigation involves complex factual and legal issues and was actively prosecuted over eighteen months and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(f)     Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that the Class may have recovered less or nothing from the Defendants;

(g)     Plaintiffs' Counsel have devoted over _____ hours, with a lodestar value of $_____, to achieve the Settlement; and

(h)     The amount of attorneys' fees awarded and expenses reimbursed from the Gross Settlement Fund are fair and reasonable and consistent with awards in similar cases.

16.     Class Representative Anthony Duda is hereby awarded $_____; Class Representative Robert Valenti Revocable Trust is hereby awarded $_____; Class Representative Aaron Wolkstein is hereby awarded $_____; and Class Representative Compass Recruiting Company is hereby awarded $_____. Such awards are for reimbursement of reasonable costs and expenses (including lost wages) directly related to representation of the Class.

17.     Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

18.     In the event that the Settlement does not become Final, (i) this Order and Final Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) the Litigation shall proceed as set forth in the Stipulation, and (iii) no Party may assert that another Party is estopped (whether equitably, judicially, or collaterally) from taking any position regarding any substantive or procedural issue in the Litigation by virtue of anything in the Stipulation, having

entered into the Stipulation, or having done anything in connection with or related to the Settlement. For the purposes of this paragraph, the Parties shall include Class Members.

19.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated:      Chicago, Illinois
            _____, 2011

                                    _____
                                    Honorable Samuel Der-Yeghiayan
                                    UNITED STATES DISTRICT JUDGE