**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROGER J. GOSSELIN, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>FIRST TRUST ADVISORS L.P., FIRST TRUST PORTFOLIOS L.P., FIRST TRUST STRATEGIC HIGH INCOME FUND, FIRST TRUST STRATEGIC HIGH INCOME FUND II, FIRST TRUST STRATEGIC HIGH INCOME FUND III, JAMES A. BOWEN, and MARK R. BRADLEY, )<br><br>Defendants. ) | **Case Number: 08-cv-05213**<br><br>Honorable Samuel Der-Yeghiayan |

**FINDINGS AND ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL**

**WHEREAS**, on March 21, 2011, the parties to the above-entitled action entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint on the merits and with prejudice (the "Settlement"); and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this 1st day of April, 2011 that:

1.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of settlement only, this Litigation is hereby certified as a class action on behalf of all persons or entities who purchased shares of First Trust Strategic High Income Fund between July 26, 2005 and July 7, 2008, inclusive, First Trust Strategic High Income Fund II between March 28, 2006 and July 7, 2008, inclusive, or the First Trust Strategic High Income Fund III between March 28, 2007 and July 7, 2008, inclusive, and who were damaged thereby, but excluding Defendants currently named in the Litigation; the past or current officers, directors, and trustees of the Defendants in the Litigation at any time during the periods of wrongdoing alleged in the Litigation, including during the Class Periods; members of the immediate families of any of the foregoing; the legal representatives, heirs, successors, or assigns of any of the foregoing; any entity in which any of the *foregoing* have or have had a controlling interest; the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any of the foregoing; entities that had the right to appoint a director to any of the Defendants' boards of directors and proceeded to make such an appointment (or, for reasons unique to them, chose not to exercise such right); and any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth below;

2.      For settlement purposes only, the Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) Plaintiffs and Plaintiffs' Lead Counsel will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions

affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for settlement purposes only, Lead Plaintiff Anthony Duda, the Robert Valenti Revocable Trust, and Aaron Wolkstein, and additional Plaintiff Compass Recruiting Company are certified as Class Representatives, and Plaintiffs' Lead Counsel are certified as Class Counsel.

4. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

5. A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on July 28, 2011, at 9:30 a.m. for the following purposes:

(a) to finally determine whether this Litigation satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

(c) to determine whether an Order and Final Judgment substantially in the form annexed as Exhibit B to the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

    (e)  to consider Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses; and

    (f)  to rule upon such other matters as the Court may deem appropriate.

  6.  The Settlement Fairness Hearing may be adjourned by the Court without notice to the Class other than by an announcement of the adjournment at the scheduled time of the Settlement Fairness Hearing or at the scheduled time of any adjournment of the Settlement Fairness Hearing.

  7.  The Court may consider modifications of the Settlement (with the consent of Plaintiffs and Defendants) without further notice to the Class.

  8.  The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

  9.  The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), the summary publication notice (the "Publication Notice") and the Proof of Claim form, annexed hereto as Exhibits 1, 2 and 3, respectively.

  10.  The Court approves the appointment of The Garden City Group, Inc. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, within twenty (20) business days after entry of this Order, to all Class Members who can be identified with reasonable effort. Defendants shall cause the Funds' transfer records and shareholder information to be made available to the Claims Administrator for the purpose of identifying and giving notice

to the Class. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased shares of any of the Funds during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed within five (5) business days of their receipt of the Notice to either: (a) provide to the Claims Administrator the name and last known address of each such person or entity, preferably in an MS Excel data table setting forth (i) title/registration, (ii) street address, and (iii) city/state/zip; or on electronic mailing labels in MS Word of WordPerfect files; or printed out on physical mailing labels; or (b) request sufficient copies of this Notice and the Proof of Claim form, free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of the common stock referred to herein. Nominees choosing to make their own mailing are directed, upon such mailing, to send a statement to the Claims Administrator confirming that they have done so as directed. Such persons are entitled to reimbursement from the Settlement Fund of any reasonable expenses actually incurred in connection with the research of beneficial owner records and the generating of electronic media or mailing labels or postage, to be paid after a request and submission of appropriate supporting documentation to the Claims Administrator.

11. Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

12. The Court directs that Plaintiffs' Lead Counsel cause the Publication Notice in the form annexed hereto as Exhibit 3 to be published on three (3) days over *Business Wire* on the tenth, fifteen, and twentieth days (or the first business day after each such date if such day falls on a weekend or holiday) after the mailing of the Notice. Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Published Notice.

13.     The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

14.     In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected (in whole or in part) in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than July 20, 2011.  Such deadline may be further extended by Court Order.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by

adequate supporting documentation for the transactions reported therein, in the form of confirmation slips, account statements, or such other documentation as is deemed adequate by Plaintiffs' Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

15. Any member of the Class who does not submit a Proof of Claim form in the manner stated in this Order shall be deemed to have waived his, her or its right to share in the Net Settlement Fund, and shall forever be barred from sharing in the Net Settlement Fund. In all other respects, however, any such member of the Class shall be subject to and bound by all of the terms of the Settlement, including the terms of the Stipulation, the Order and Final Judgment and the releases provided for by the Stipulation and the Order and Final Judgment unless such member of the Class has submitted a request to be excluded from the Class in the manner required by this Order.

16. Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first-class mail postmarked no later than June 20, 2011 to the Claims Administrator at the address designated in the Notice. Any such request for exclusion must clearly indicate the name, address and telephone number of the person seeking exclusion, state that

the sender requests to be excluded from the Class in the *Gosselin v. First Trust Advisors, L.P., et al.* Securities Litigation, and be signed by such person. Such persons requesting exclusion must also state the date(s), price(s), and number(s) of shares of all purchases and sales of shares of the Funds during the Class Periods. Within two business days of its receipt of any such requests for exclusion, the Claims Administrator shall electronically provide copies of such requests to counsel for all parties to the Stipulation. Failure to comply with all of the requirements set forth above to request exclusion from the Class shall result in such request for exclusion being denied.

17. Class Members properly requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

18. Any Class Member may be heard and/or appear at the Settlement Fairness Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate; why the Order and Final Judgment should not be entered thereon; why the proposed Plan of Allocation should not be approved as fair, reasonable and adequate; or why Plaintiffs' Lead Counsel should not be awarded attorneys' fees and payments of expenses in the amounts sought by Plaintiffs' Lead Counsel; *provided*, *however*, that no Class Member shall be heard or be entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered, the proposed Plan of Allocation or Plaintiffs' Lead Counsel's application for an award of attorneys' fees and payment of expenses, unless on or before June 20, 2011, the Class Member has served by hand or by first-class mail written objections and copies of all supporting papers and briefs (which must contain proof of purchase of shares of the Funds during the Class Periods) upon Caitlin M. Moyna, Esq., Brower Piven, A Professional Corporation, 488 Madison Avenue, New York, New York 10021, on behalf of Plaintiffs and the Class; and Sean M. Murphy, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005-1413 on

behalf of Defendants, and has filed the objections, papers and briefs showing due proof of service upon all counsel identified above with the Clerk of the Court, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen Building, 20th Floor, 219 South Dearborn Street, Chicago, Illinois 60604. Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

19. Any Class Member who does not object to the Settlement and/or the Plan of Allocation and/or the adequacy of representation and/or Plaintiffs' Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses in the manner prescribed in the Notice shall be deemed forever to have waived such objection and shall forever be barred from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, the adequacy of representation or the application by Plaintiffs' Lead Counsel for an award of attorneys' fees and reimbursement of expenses or from otherwise being heard concerning these subjects in this or any other proceeding.

20. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall

not institute, commence or prosecute any action which asserts Settled Claims against any Released Party. Pending the Settlement Fairness Hearing, the Court stays all proceedings in the Litigation, including all discovery, other than those proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

21. This Order, the Stipulation, and any of their terms and provisions, any agreement or order relating thereto, all negotiations or proceedings connected with it, documents or statements referred to therein, and any payment or consideration provided for herein, shall not constitute evidence, or an admission by any of the Defendants or the other Released Parties, that any acts of wrongdoing have or have not been committed and shall not be deemed to create any inference that there is or is not any liability on the part of any of the Defendants or any other Released Parties. This Order, the Stipulation, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order and/or the Settlement.

22. As provided in the Stipulation, Plaintiffs' Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Administration Settlement Fund and then, if necessary, out of the Gross Settlement Fund without further order of the Court.

23. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiffs' Lead Counsel or Defendants' Counsel elects to terminate the Settlement as provided in ¶¶ 31 or 32 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order shall be null and void, of no further force or effect

and without prejudice to any non-settling party, and may not be introduced as evidence or referred to in any actions or proceedings by any non-settling person or entity, and each non-settling party shall be restored to his, her or its respective position as it existed on the day immediately before the Stipulation was executed.

      24.    The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

Dated:    Chicago, Illinois

      April 1, 2011

                                                     Honorable Samuel Der-Yeghiayan
                                                     UNITED STATES DISTRICT JUDGE