

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ROGER J. GOSSELIN, Individually and on Behalf of All Others Similarly Situated,    ) <br><br>    ) <br> Plaintiff,    ) <br>    ) <br> vs.    ) <br>    ) <br> FIRST TRUST ADVISORS L.P., FIRST TRUST ) <br> PORTFOLIOS L.P., FIRST TRUST    ) <br> STRATEGIC HIGH INCOME FUND, FIRST    ) <br> TRUST STRATEGIC HIGH INCOME FUND II, ) <br> FIRST TRUST STRATEGIC HIGH INCOME    ) <br> FUND III, JAMES A. BOWEN, and MARK R.    ) <br> BRADLEY,    ) <br>    ) <br> Defendants.    ) <br>    ) | **Case Number: 08-cv-05213** <br><br> Honorable Samuel Der-Yeghiayan |

## ORDER AND FINAL JUDGMENT

Unless otherwise indicated, all terms defined in the Stipulation and Agreement of Settlement dated March 21, 2011 (the "Stipulation") and the Findings and Order Preliminarily Certifying a Class for Settlement Purposes, Preliminarily Approving Proposed Settlement, Approving Firm and Dissemination of Class Notice and Setting Date for Hearing on Final Approval (the "Preliminary Approval Order") have the same meanings when used herein.

On the 28th day of July, 2011, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all

persons or entities who are members of the Class herein who have not properly requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased shares of First Trust Strategic High Income Fund between July 26, 2005 and July 7, 2008, inclusive, First Trust Strategic High Income Fund II between March 28, 2006 and July 7, 2008, inclusive, or the First Trust Strategic High Income Fund III between March 28, 2007 and July 7, 2008, inclusive, and who were damaged thereby, except those persons or entities excluded from the definition of the Class, as shown by the records of the transfer agent for the Funds, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published on three (3) occasions over the Business Wires pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      The Court has jurisdiction over the subject matter of the Litigation, Plaintiffs, all Class Members, and Defendants.

2.      For settlement purposes only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is

2

impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives and Plaintiffs' Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.       Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby finally certifies the Litigation as a class action for purposes of settlement only on behalf of all persons or entities who purchased shares of the Funds during the Class Periods, and who were damaged thereby, but excluding Defendants currently named in the Litigation; the past or current officers, directors, and trustees of the Defendants in the Litigation at any time during the periods of wrongdoing alleged in the Litigation, including during the Class Periods; members of the immediate families of any of the foregoing; the legal representatives, heirs, successors, or assigns of any of the foregoing; and any entity in which any of the foregoing have or have had a controlling interest; the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any of the foregoing; entities that had the right to appoint a director to any of the Defendants' boards of directors and proceeded to make such an appointment (or, for reasons unique to them, chose not to exercise such right). Also excluded from the Class are the persons and/or entities who properly requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for settlement purposes only, this Court hereby finally certifies Lead Plaintiff Anthony Duda, the Robert

3

Valenti Revocable Trust, and Aaron Wolkstein, and additional Plaintiff Compass Recruiting Company as Class Representatives, and Plaintiffs' Lead Counsel are certified as Class Counsel.

5.    Notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Litigation as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto. Plaintiffs' Lead Counsel has filed with the Court proof of mailing of the Notice and Proof of Claim and proof of publication of the Publication Notice.

6.    The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.    The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

8.    The releases as set forth in ¶ 3 of the Stipulation (the "Releases"), together with the definitions contained in ¶ 1 of the Stipulation relating thereto are expressly incorporated

4

herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a)     The Settled Claims are hereby compromised, settled, released, and forever discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. Plaintiffs and each member of the Class, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, are hereby permanently barred and enjoined from instituting, filing, commencing, maintaining, intervening in, or prosecuting any and all Settled Claims against the Released Parties; and

(b)     The Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. The Defendants and their heirs, executors, administrators, predecessors, successors and assigns of any of them and the other Released Parties, by operation of this Order and Final Judgment, are hereby permanently barred and enjoined from instituting, filing, commencing, maintaining, intervening in, or prosecuting any and all Settled Defendants' Claims.

9.     This Order and Final Judgment, the Stipulation, and any of their terms and provisions, any agreement or order relating thereto, all negotiations or proceedings connected with it, documents or statements referred to therein, and any payment or consideration provided for herein, is not and shall not be:

(a)     offered or received against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity

of any claim that has been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Defendants;

       (b)    offered or received against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendant;

       (c)    offered or received against any of the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that any of the Defendants may refer to it to effectuate the liability protection (including releases) granted them hereunder;

       (d)    construed against Plaintiffs or any other Class Members or against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

       (e)    construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any other Class Members that any of their claims are without merit, or that any defenses asserted by any of the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

      10.    Notwithstanding the provisions of the preceding paragraph, Defendants may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel,

release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.  The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12.  The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.  Plaintiffs' Counsel are hereby awarded one-third (1/3) of the Gross Settlement Fund, plus $95,791.56 in reimbursement of expenses.  The amounts shall be paid to Plaintiffs' Lead Counsel from the Gross Settlement Fund with interest from the date the Gross Settlement Fund was funded to the date of payment at the same net rate that the Gross Settlement Fund earns.  The Court finds the award of attorneys' fees and expenses to be fair and reasonable.  The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Litigation.

14.  Plaintiffs' Lead Counsel shall allocate the attorneys' fees amongst Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Litigation.  As a condition of receiving such fees and expenses, Plaintiffs' Lead Counsel (and each of its partners and/or shareholders) and each Plaintiffs' Counsel (and each of its partners and/or shareholders) shall be subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

15.  In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

7

      (a)     the Settlement has created a fund of $5,000,000 in cash that is already on deposit, plus interest thereon, and that Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

      (b)     the Settlement has also created a fund of $150,000 to reimburse Plaintiffs for the actual expenses incurred by Plaintiffs in connection with providing notice and administering the Settlement;

      (c)     Over 40,350 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for up to one-third (1/3) of the Gross Settlement Fund, plus reimbursement of their expenses up to $150,000, and no objections were filed against the terms of the proposed Settlement or the maximum amount of fees and expenses to be requested by Plaintiffs' Counsel contained in the Notice;

      (d)     Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

      (e)     The Litigation involves complex factual and legal issues and was actively prosecuted over eighteen months and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

      (f)     Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that the Class may have recovered less or nothing from the Defendants;

      (g)     Plaintiffs' Counsel have devoted over 1,311 hours, with a lodestar value of $778,676.55, to achieve the Settlement; and

      (h)     The amount of attorneys' fees awarded and expenses reimbursed from the Gross Settlement Fund are fair and reasonable and consistent with awards in similar cases.

16.     Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

17.     In the event that the Settlement does not become Final, (i) this Order and Final Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) the Litigation shall proceed as set forth in the Stipulation, and (iii) no Party may assert that another Party is estopped (whether equitably, judicially, or collaterally) from taking any position regarding any substantive or procedural issue in the Litigation by virtue of anything in the Stipulation, having entered into the Stipulation, or having done anything in connection with or related to the Settlement. For the purposes of this paragraph, the Parties shall include Class Members.

18.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.


Dated: Chicago, Illinois

        July 28          , 2011

                                                Samuel Der-Yeghiayan
                                                Honorable Samuel Der-Yeghiayan
                                                UNITED STATES DISTRICT JUDGE


9

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROGER J. GOSSELIN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **Consolidated Action No. 08-cv-05213** |
| FIRST TRUST ADVISORS L.P., FIRST TRUST PORTFOLIOS L.P., FIRST TRUST STRATEGIC HIGH INCOME FUND, FIRST TRUST STRATEGIC HIGH INCOME FUND II, FIRST TRUST STRATEGIC HIGH INCOME FUND III, JAMES A. BOWEN, and MARK R. BRADLEY, | ) ) ) ) ) ) ) ) | Honorable Samuel Der-Yeghiayan |
| Defendants. | ) ) ) ) | |

**EXHIBIT 1 TO ORDER AND FINAL JUDGMENT**

The following persons and entity are excluded from the Classes:

David R. Berdeaux

William Jason Grace

Marsha Goldfinger

Jan Alwin Johnson

Justin Investment Company

Sue C. Meadow